Filed Oct. 30, 1883.

---

No. 10,679.

## SIDENER ET AL. *v.* THE HAW CREEK TURNPIKE COMPANY.

GRAVEL ROAD.— *Tolls.*— *Injunction.*— *Complaint.*—A complaint to enjoin a turnpike company from collecting tolls showed that the pike was six miles long, all of which was in good condition and finished, except two miles which were not finished so as to authorize the collection of tolls thereon, and it was not averred that tolls were exacted upon the two miles, or that the plaintiffs were hindered from passing over the same unless tolls were paid, but merely that tolls were demanded and had been paid therefor by the plaintiffs; nor was it averred that the plaintiffs had in the use of that part of the road any interest beyond that of the general public.

*Held,* that the complaint was bad on demurrer.

SAME.—Injunction will not lie to prevent the wrongful collection of tolls by a turnpike company which merely demands the tolls without hindering the passage of those who do not pay.

From the Johnson Circuit Court.

*A. Burns,* for appellants.

*G. M. Overstreet* and *A. B. Hunter,* for appellee.

FRANKLIN, C.—Appellants commenced a suit against appellee in the Bartholomew Circuit Court, in 1877, for an injunction against the collection of tolls on its turnpike road. The road is six miles long, extending from the county line between the counties of Decatur and Bartholomew in a southwest direction to the town of Hope, in Bartholomew county. A corporation was organized to construct the road in 1863. It became embarrassed, and upon the foreclosure of a mortgage the road was sold and purchased by other parties in 1875, who reorganized the corporation under the name of the appellee.

The complaint is too lengthy to copy in an opinion. It substantially charges that the road was never finished; that it was out of repair, and had remained so for an unreasonable time; that it was located upon a public highway of more than twenty years standing; that appellants had a special interest in the matter, owned real estate through which the road passed, and had never given the right of way or their consent to the construction of the road, nor had their lands been condemned for that purpose; and that appellee had no right to collect tolls on said road.

Accompanying the complaint, and as a part thereof, there was filed, as an exhibit, the report of an engineer and inspector, appointed by the board of commissioners of Bartholomew county, upon the condition of the road.

Said report was filed with the board of commissioners in December, 1875, and, among other things, states that the road, commencing at a certain described point on said county line and extending in a westerly direction, as described in the articles of association, for a distance of three and three hundred and eleven thousandths ($3 \frac{311}{1000}$) miles, to a certain described point, was completed and in such condition as to authorize the taking of tolls for travel thereon; that the road from the point last named, running in a southwesterly direction, as described in said articles of association for a distance of one and ninety seven hundredths ($1\frac{97}{100}$) miles, to a point described, is in an uncompleted condition so as not to authorize the

taking of tolls for travel over it; that the remainder of the road, as described in the articles of association, is completed and in such condition as to authorize the taking of tolls for travel thereon.

The complaint consists of two paragraphs, but they are substantially the same. The cause was continued in the Bartholomew Circuit Court for several terms, when the venue was changed to Johnson county, where a demurrer was filed and sustained to the complaint.

Appellants declined to amend, and judgment was rendered for appellee.

The error assigned is the sustaining of the demurrer to the complaint.

The complaint avers that the appellee had erected toll-gates, demanded tolls, and that appellants had paid tolls for travelling over the road.

The statute provides, that whenever three consecutive miles of the road have been completed, the company may erect toll-gates thereon and collect tolls for travel thereover. See R. S. 1881, sections 3640, 3674 and 3684.

The report of the inspector is made a part of the complaint, and which report by the statute, if not appealed from, is made conclusive evidence of the completion of so much of the road, and the right of the company to take tolls for travel thereover. The complaint, therefore, shows that for more than three consecutive miles of the eastern part of said road, the appellee had the right to erect toll-gates thereon and demand and receive tolls for the travel thereover; and the complaint does not show that appellee had erected toll-gates upon, or demanded toll for travel over, that portion of the road which was reported by the inspector to have never been completed, and was so out of repair as not to be in a condition to authorize appellee to charge or collect toll for travelling over the same. Nor does the complaint show, that the uncompleted and out-of-repair portion of the road was upon appellants' premises, so as to give them any special interest in the subject-matter

which was not equally possessed by the public in general. Without some special individual interest over that of the public in general being shown, an injunction can not be maintained. *Cummins* v. *City of Seymour*, 79 Ind. 491 (41 Am. R. 618).

The complaint does not aver that the toll-gates were closed, or that they were prevented from passing over the road without the payment of toll. A mere demand for toll without any attempt to enforce it would not justify an injunction. If the road was unfinished and any part of it was out of repair, and had remained so for an unreasonable time, appellants could successfully defend against any suit brought against them for the collection of tolls for travelling over such part of the road, without resorting to the extraordinary remedy of an injunction.

We think the complaint is insufficient, and there is no error in the sustaining of the demurrer to it.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

