## ROBERTS *v.* TURNPIKE Co.

### (*Nashville.* January 23, 1897.)

1. DEDICATION. *Of road by mortgagor.*

   Third persons cannot object that a dedication of mortgaged land for a public road was invalid because of the mortgage, where the mortgagee makes no objection. (*Post, pp. 134, 135.*)

   Cases cited: 6 Peters, 431; 1 Ohio, 478; 3 Cush., 290.

2. TURNPIKES. *Right to tolls.*

   The provision of § 1939 (M. & V. Code), that turnpike companies shall not be entitled to the privileges with reference to locating their toll gates therein conferred, if they shall "charge toll to persons going to mill, to church, or to election," is in the nature of a condition subsequent, and has the effect to release such persons from payment of tolls, but does not authorize an injunction to restrain the collection of tolls from other persons. (*Post, pp. 136, 137.*)

   Code construed: § 2457 (S.); § 1939 (M. & V.).

3. SAME. *Acceptance by commissioners.*

   A turnpike road is sufficiently received and examined by all the commissioners to authorize the collection of tolls, where all three commissioners go over and examine the road, and agree to receive it provided certain things are done, and thereafter two commissioners go over it, with the consent of the third, and report the changes made as ordered, after which all join in a report accepting the road, and authorizing the collection of tolls. (*Post, pp. 137, 138.*)

---

FROM MAURY.

---

Appeal from Chancery Court of Maury County. A. J. ABERNATHY, Ch.

FIGUERS & · PADGETT for ·Roberts.

VOORHIES & FOWLER, W. S. FLEMING, and W. G. RAINEY, for Turnpike Co.

WILKES, J. The bill in this cause was filed, primarily, to enjoin the Columbia, Godwin & Santa Fe Turnpike Company from collecting toll at its second gate from persons who enter upon the pike over what is called the Roberts' Bend road, and also from collecting tolls at that gate from any other persons passing through it, on the ground that it is not legally located, and other grounds. The Chancellor granted the relief prayed for, so far as to give the injunction against collecting tolls from the complainants and others passing over the Roberts' Bend road, but refused to enjoin, generally, the collection of tolls at the second gate, as prayed for. Both parties have appealed and assigned errors.

We will pass upon these assignments in a general way. It is insisted for the turnpike company that the Roberts' Bend road is not a lawful road, but a shun pike in effect. It appears that prior to 1894 the defendant's road was operated by another company. That company surrendered its charter and abandoned the operation of the road. The defendant company was thereupon organized, and began to operate the road. In the meantime, and between these two dates, the Roberts' Bend road was opened. It is objected that it was not lawfully opened. It appears that one Sellars conveyed the right of way,

or a portion of it, to a trustee for the benefit ·of the public as a road. It is objected that at the time he made the conveyance he was only the equitable owner of the land, and that he had executed a mortgage upon it to secure certain debts, and it is insisted that no one but the legal owner of land can · make a dedication of it to public purposes. Upon this question it appears that the authorities are apparently conflicting.

It has been held that such dedication may be made by an equitable owner, subject only to the rights of the holder of the legal title (5 Am. & Eng. Enc. L., 399; 6 Peters (U. S.), 431; 1 Ohio, 478; 3 Cush., 290; and other authorities); that the dedication must be made by the holder of the legal title, and this is the general rule. *Kyle* v. *Logan*, 37 Ill., 64; *Fisk* v. *Havanna*, 88 Ill., 203; *Hoole* v. *Attorney-general*, 22 Ala., 190.

We think there is nothing reversible in this assignment. - It appears that the mortgage was intended only as a security for debts enumerated, and that, with the exception of a small balance, they had been paid off. The mortgagee is not complaining, and he is the only person who can complain. 5 Am. & Eng. Enc. L., 398, note 3. We are of opinion there was a dedication of the right of way for a road, and that it was accepted and used by the public. The statute (Code, Shannon, § 2457), does not provide that the road shall be a public road, or a county road, but one opened according

to law, and this was, we think, lawfully opened at a time when the defendant company did not exist. There is nothing in the Act of 1891 (Shannon, § 1617, *et sequitur*) which is opposed to this holding. That Act was simply an attempt to codify the road laws, and it was not intended to destroy the right of dedication to public uses as it has always existed.

We conclude that the Roberts' Bend road is a lawful road, and that the defendant company could not legally exact toll from persons entering upon or leaving the turnpike over this road.   Code (Shannon), § 2457.

But for complainants it is insisted that the location of this gate is unlawful, and for this and other reasons the turnpike company has no right to collect tolls at it from any persons.   The gate is located, or attempted to be located, under § 2457, Shannon's Code, which, under certain conditions and circumstances, allows the company to erect a gate within a quarter of a mile of the place where, under its charter, it would regularly be located.   That section provides that companies shall not be entitled to this privilege of locating gates who charge toll to persons going to mill, church, or elections, and it is insisted that this company has charged toll to such persons.   It is sufficient to say, in regard to this, that this provision is in the nature of a condition subsequent, and that such persons as are therein specified are not liable to the payment of tolls, and can resist their collection.   It is possible,

also, that in a proper action the State may take steps to enforce a forfeiture of the privileges of the company, but the question does not properly arise in this case, and it is not decided.

If the defendant company has improperly located its gate, it may, by proper proceeding, be required to remove and relocate it, but we do not think this question is involved in the present case, nor are the complainants specially interested therein under this bill. Objection is made that the road was never properly received or examined by the commissioners, and hence it has no right to collect tolls over its second section of five miles. The objection is that only two of the commissioners passed upon the sufficiency of the road, and that in such cases all three of the commissioners must co-operate and join.

Without deciding the abstract question as to whether a majority of the commissioners can act, or whether they must all join (a question we have lately considered at length, in *Cowan* v. *Murch*, not yet reported), it is sufficient to say that in this case, while the proceeding was somewhat informal, we think that substantially all the commissioners have concurred in receiving the road and authorizing the collection of tolls. It appears that all of the commissioners did go over and examine the road, and agreed to receive it, provided certain things were done. Afterward two of the commissioners went again over the road, with the consent of the third one, and reported the changes made as ordered, and

the commissioners all then joined in a report accepting the road and authorizing tolls to be collected. While the proceedings are informal, we think there is a substantial compliance with the law.

We are of opinion, therefore, that the assignments of error by the complainants are not well made, and the decree of the Chancellor is in all respects correct, and it is affirmed. The costs of the Court below will remain as adjudicated by that Court, and the costs of the appeal will be paid one-half by complainants and the other half by defendants.