## No. 12,704.

### PARISH OF OUACHITA VS. CITY OF MONROE.

The Supreme Court is not vested with appellate jurisdiction (independently of the amount in dispute) in every case in which the constitutionality of an act of the General Assembly is placed at issue. That issue of itself determines its jurisdiction only in cases in which the constitutionality or legality of any tax, toll or impost whatever, or of any fine, forfeiture or penalty imposed by a municipal corporation, should be in contestation.

Act No. 128 of 1896, ordering the city of Monroe to pay to the parish of Ouachita expenses incurred for the arrest, prosecution, trial and conviction of persons accused of crime in certain cases, and those incurred for other specially designated purposes, may, by way of consequence and result, cause an increase in the amount of taxes imposed by the city on its inhabitants, but the city in its corporate capacity is chargeable with and is charged with no taxes, and the statute does not order the city to impose taxes upon its citizens. The amounts it is directed to pay may well be paid from sources of revenue other than taxation.

The statute is too contingently, remotely and indirectly connected with the subject of taxation to cause the attack upon its constitutionality made by the city vest jurisdiction in the Supreme Court under Art. 81 of the Constitution.

Should illegal taxation result from the law, the individual citizens who will be sought to be charged under the same will themselves test the validity of the law.

APPEAL from the Fifth Judicial District Court for the Parish of Ouachita. *Potts, J.*

*Percy Sandel, Stubbs & Russell* for Plaintiff, Appellee.

*Thomas O. Benton*, City Attorney (*Hudson, Potts & Bernstein*, of Counsel), for Defendant, Appellant.

Argued and submitted January 14, 1898.
Opinion handed down February 7, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff asks judgment against the defendant for the sum of fourteen hundred and forty six dollars, with interest from the 10th of February, 1897.

The action is grounded upon the following allegations:

That the Legislature of the State by Act No. 81 of 1873 exempted all real and personal property situated and being in the corporate limits of the city of Monroe, and all persons, firms and corporations within said city, from payment of all taxes and licenses to the parish of Ouachita from and after the first day of January, 1873. That in order that the city of Monroe should bear a just and equitable pro-portion of the burdens of local government, the Legislature of the State passed Act No. 57 of 1876, whereby the city of Monroe was required to pay to the parish of Ouachita one-fourth of certain expenses therein set forth. That since the passage of Act No. 57 of 1876 the city of Monroe had increased very extensively in property and population, and in order that said city and its inhabitants should bear the expenses of local government in proportion to the property and population within the corporate limits of said city, the Legislature of the State passed Act No. 128 of 1896 so as to read as follows:

" That hereafter the city of Monroe shall pay the parish of Ouachita all expenses incurred in and arising from the detection, arrest, prosecution, trial, conviction, punishment and transporta-tion to prison of all persons accused of crimes, offences and misde-meanors committed within the corporate limits of said city, provided that the sheriff and clerk and District Attorney and constable and justices of the peace shall collect their costs and fees in all such criminal cases directly from the city of Monroe, and that said city shall further pay to the parish of Ouachita one-third of all expenses incurred by the parish of Ouachita for the registration of voters and conduct of elections, *per diem* and mileage of jurors, and issuing of jury certificates, boarding and lodging jurors in capital

and other cases in which the jury is not allowed to separate—feeding and maintaining prisoners in jail, all jail supplies, including bedding, fuel, lights, clothing for prisoners, etc., fuel, lights, salary of janitor and all other incidental expenses incurred in the case of the parish court house and jail; the erection and construction and repair of the public buildings for the parish inside the corporate limits of the city of Monroe and improvements to the Court House Square—premiums of insurance on all public buildings of parish, attendance of sheriff on the several courts, books, stationery, blank forms and other supplies for the parish officers—sheriff's salary in criminal matters as fixed by the Constitution of 1879—public printing for the parish and supplies for the inspector of weights and measures.

"And provided further, that hereafter the city of Monroe shall receive all fines imposed and collected and all bonds forfeited and collected in criminal cases arising in the corporate limits of the city of Monroe, and one-third of the fines imposed and collected and one-third of the bonds forfeited and collected in all cases arising within the parish of Ouachita outside of the city of Monroe."

That in compliance with the provisions of law, Sec. 11 of Act 57 of 1876, within ten days after the 1st of January, 1897, the president and clerk of the police jury of the parish of Ouachita made out and certified under oath a statement in detail of all expenses on account of the items above set forth, which had been settled and liquidated by the said parish of Ouachita from time to time in the manner required by law, which said detailed statement was delivered by said president and clerk of the police jury to the mayor of the city of Monroe within the time and in the manner required by law. Plaintiff annexed said detailed statement to his petition.

Petitioner further averred that thirty days had elapsed since the said delivery of the statement, and that the indebtedness claimed was long since due. That it remained unpaid notwithstanding amicable demand.

Defendant first pleaded the general issue.

It admitted it was legally indebted to plaintiff for the items of the account sued on, for which it was bound under Act No. 57 of 1876 amending the charter of the city of Monroe, adopted in 1871 and amended in 1873, but it alleged that the city had made a formal legal tender of the amount so due to the president of the Police

Jury of Ouachita, to-wit, the sum of five hundred and twenty dollars and thirty-five cents.

Defendant specially denied that it was indebted in any manner or in any amount for the items of the account sued on which were not provided for and set forth in the aforesaid Act No. 57 of 1876 as a part of the charter of the city of Monroe.

Defendant specially denied that it was bound in any manner or for any amount under the provisions of Act No. 128 of 1896 as far as it changes or amends the provisions of Act No. 57, the latter act being an amendment to and forming a part of the original charter of the city of Monroe. It averred that said Act No. 128 is unconstitutional for the following reasons:

That it violates the twelfth paragraph of Art. 46 of the Constitutution of 1879, which provides that "The General Assembly shall not pass any local or special laws on the following specified objects: creating corporations or amending, extending or explaining the charters thereof: Provided, this shall not apply to the corporation of the city of New Orleans or to the organization of Levee Districts and Parishes."

Defendant averred that the act of 1876 was an amendment to the eleventh section of Act No. 81 of 1873, amending the original charter of the city of Monroe under Act 102 of 1871, and as such the said Act No. 57 of 1876 was incorporated into and became a part of the original charter of Monroe as above set forth, and that the Legislature was without power under the provisions of the Constitution of 1879 to amend, renew, extend or explain said charter. That even if Act No. 128 of 1896, on which plaintiff's claim was based, had not been violative of said paragraph of Art. 46 of the Constitution, even then, and in that case, the said act was not adopted in accordance with the provisions of Art. 48 of the Constitution; that said act was never advertised in accordance with the provisions of said article as precedent to the passage of such a local act. That no notice "stating the substance of the contemplated law" was ever published prior to the passage of said Act No. 128, and on said account said act is unconstitutional.

Defendant averred that the *first section* of said *Act No. 128* is in conflict with *Arts. 119 and 121* of the Constitution, in so far as it orders the costs of the sheriff and clerk to be collected directly from the city of Monroe. That *Art. 119* fixes and establishes the compensation of the sheriffs of the several parishes of the State, and

*Art. 121* declares that the clerk of the District Court " shall receive no compensation for his services to the State or parish in criminal matters."

That the provisions of Act No. 128 were irregular, unequal, unjust and oppressive to the city of Monroe, and its material interests, and its enforcement would be disastrous in its consequences. That said act was hurriedly passed in the last days of the session of 1896, without the previous notice required by the Constitution, and without the consideration which its importance deserved.

The District Court rendered judgment in favor of the plaintiff for twelve hundred and seventy-four dollars and seventy-four cents, with eight per cent. per annum interest from 10th of February, 1897, until paid. The city of Monroe appealed.

Appellee prayed in the Supreme Court that the judgment be amended so as to grant to it the full relief asked for.

The action as brought is simply a demand for a moneyed judgment against the city of Monroe for fourteen hundred and forty-six dollars.

The claim is based upon an alleged liability of that city to the parish of Ouachita, several acts of the Legislature, by which the city was charged with that obligation of paying to the parish expenses and costs of a certain designated character primarily paid and to be paid by the parish. The city defended the action upon an allegation of the unconstitutionality of Act No. 128 of 1896, under authority of the provisions of which the claim of liability was mainly predicated. The grounds of unconstitutionality set up were that it was violative of the twelfth paragraph of Art. 46, and also violative of the forty-eighth article of the Constitution. The twelfth paragraph referred to was a prohibition upon the General Assembly enacting any local or special law creating corporations, or amending, extending or explaining the charters thereof, while the forty-eighth article required an advertisement to be made. Article 48 declares that " no local or special law shall be passed on any subject not enumerated in Art. 46, unless notice of the intention to apply therefor shall have been published without cost to the State in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law and shall be published, at least, thirty days prior to the introduction into the General Assembly of such bill and in the same manner provided

19

by law for the advertisement of judicial sales. The evidence of such notice having been published shall be exhibited in the General Assembly before such act shall be passed, and every such act shall contain a recital that such notice has been given." As will be seen neither article alludes to the subjection'of taxation.

If this court were vested with appellate jurisdiction in every case in which the constitutionality of an act of the General Assembly was at issue, independently of the amount of the matter in dispute, this appeal would be properly before us, but such is not the fact. That issue of itself determines our jurisdiction only in cases in which the constitutionality or legality of any tax, toll or impost whatever, or of any fine, forfeiture or penalty imposed by a municipal corporation shall be in contestation. Constitution, Art. 81. We find no issue of that character involved in this appeal. The act attacked might well be violative of both of the articles of the Constitution and yet involve no question of taxation. In truth it does not deal with that subject at all. It is true that it imposes (and in so doing it may unconstitutionally impose) upon the city of Monroe the payment of a certain class of expenses and costs, and that its enforcement may (though not necessarily) by way of result and consequence cause the city to increase the amount of taxes imposed by it upon its citizens, but the city in its corporate capacity is chargeable with and is charged with no taxes, and it is not ordered by the act to impose taxes upon its citizens. The amounts it is directed to pay may well be paid from revenues of the city derived from sources of income other than those of taxation. The sources of revenue which the act itself directs to be placed at the disposal of the city may suffice of themselves to meet the payment of the claims. If the fact should be otherwise and it should become necessary that taxation be ordered to meet the same, the individual citizens who will be sought to be charged with these taxes will have ample opportunity to test the legality of the law under which they were caused to be imposed. Act No. 128 of 1896 is too contingently, remotely and indirectly connected with the subject of taxation to make the attack which the city has made upon it in this case a matter appealable to this court under Art. 81 of the Constitution.

This court being without jurisdiction *ratione materiæ* in the premises, we are forced to dismiss the appeal. The appeal is hereby dismissed.