FARSON et al. v. CITY OF CHICAGO.

(Circuit Court, N. D. Illinois, E. D.    May 11, 1905.)

No. 27,630.

FEDERAL COURTS—PRELIMINARY INJUNCTION—JURISDICTION.

Where, in a suit to restrain the enforcement of certain city ordinances providing for the examination and licensing of automobile operators, on the ground that the city had no power from the state to pass the same, the court was not satisfied that it had jurisdiction of the subject-matter of the suit, a motion for preliminary injunction would be denied.

Chas. F. Davies, for complainants.

J. W. Beckwith, Asst. Corp. Counsel, for defendant.

KOHLSAAT, Circuit Judge. The bill herein is filed by John Farson and others to restrain the city of Chicago from enforcing two certain ordinances adopted by the city council on July 11, 1904, requiring persons to submit to an examination before a board therein provided, and to procure from said board a certificate of qualification, before operating on the streets of the city any automobile, autocar, or other similar vehicle, and requiring automobiles to display identification numbers of the size and character therein set out. The ordinance requiring examination provides certain qualifications on the part of the applicant as to the free use of both arms and both hands, absence of defects in hearing and eyesight, freedom from heart disease, etc. It further provides that the applicant shall not be addicted to the excessive use of alcoholic liquors or be of a reckless disposition. Other requirements are set out touching applicant's knowledge of the machine to be operated, and his ability to handle same. Said ordinance further provides that, in order to defray the expense of this regulation, each applicant shall pay the sum of $3 to the city of Chicago, and, if the applicant shall be found competent to operate an automobile of the type mentioned in his application, a certificate shall be issued to him by the board. This certificate is renewable annually upon payment of $1. Both ordinances provide a fine for the violation thereof, not less than $5 nor more than $25 for each offense. The bill sets out that the city of Chicago is enforcing said ordinances, and that persons who have not complied therewith are arrested and fined; that complainants use automobiles for pleasure, and not for hire; that the city has

only such powers as are conferred by statute; that said ordinances are in violation of the fourteenth amendment of the Constitution of the United States, in that they deprive complainants of their property without due process of law, and deny them the equal protection of the laws. The bill prays that the city of Chicago and its agents be restrained from enforcing or attempting to enforce the provisions of said ordinances, and for other appropriate relief. An answer has been filed by the city, which, while raising the question of the jurisdiction of this court, goes to the merits of the bill. The matter comes on now to be heard on the motion of complainants for a preliminary injunction, and the motion is supported by the usual affidavits. Counter affidavits are filed by the city. On the argument of this motion it was contended by the defendant that the court had no jurisdiction of the subject-matter, and briefs on this question were submitted by the parties, as well as on the merits.

The burden rests upon complainants on this motion for a preliminary injunction to satisfy the court as to its jurisdiction of the parties or subject-matter, as well as upon the merits of the controversy. Huntington v. City of New York (C. C.) 118 Fed. 683. The complainants are all citizens of Illinois. The jurisdiction of the court is invoked on the ground that the ordinances in question are in violation of the fourteenth amendment of the Constitution of the United States, and the attention of the court is directed to subsection 16 of section 629 of the Revised Statutes [U. S. Comp. St. 1901, p. 506], which provides:

"The Circuit Courts shall have original jurisdiction as follows: Of all suits authorized by law to be brought by any person to redress the deprivation under color of any law, statute, ordinance, regulation, custom or usage of any state, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States."

The section above set out is clearly inapplicable to the case at bar, and has reference solely to those actions brought under the statute to redress the deprivation of the civil rights secured by sections 1977 and 1979 of the Revised Statutes [U. S. Comp. St. 1901, pp. 1259, 1262]. Holt v. Indiana Mfg., 176 U. S. 68, 20 Sup. Ct. 272, 44 L. Ed. 374. The jurisdiction of the court to consider the bill must be sustained, if at all, under Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], which provides as follows:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States."

There then arises for determination the question whether or not this is a suit of a civil nature in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the Constitution or laws of the United States. No serious question is made by the city as to the sufficiency of the allegations of the bill to make out a case for the con-

sideration of a court of equity. Nor, in my judgment, can there be. It is contended, however, that the requisite jurisdictional amount is wanting. The bill alleges, and the answer denies, that the amount in controversy, exclusive of interest and costs, as to each petitioner exceeds the value of $2,000. No showing is made by complainants as to this fact, other than the allegation to that effect in the bill. The amount involved in determining the jurisdiction of the federal court in such a case as the one at bar is the value of the right to be protected, or the extent of the injury to be prevented, by the injunction, or, applying the principle concretely, the value of the right of each of the complainants to use his automobile on the streets of the city free from the restriction of the ordinances in question. It is conceded that, if any of the complainants drives his automobile on the street without first complying with the ordinances in question, he will be subjected to continuing arrests and fines. On the other hand, by complying with the ordinances he can secure immunity, and then proceed to recover from the city on account of moneys illegally paid. He is, of course, under no obligation to adopt the latter alternative, and can invoke the aid of a court of equity to enjoin the enforcement of a void ordinance. Whether, however, under such a situation, and where, as in this case, it is not shown or alleged that it is impossible for complainants to comply with the terms of the ordinances, and are consequently precluded by said ordinances from the right of the use of the streets, the value of the right to be protected is of a value requisite to give this court jurisdiction, is a matter of very grave doubt in my mind.

Turning, now, to the question as to whether the suit is one arising under the Constitution, two elements must concur to give the court jurisdiction: (1) The suit must be one actually, and not potentially, arising under the Constitution, as said by Mr. Chief Justice Fuller, speaking for the court in New Orleans v. Benjamin, 153 U. S. 411–424, 14 Sup. Ct. 905, 38 L. Ed. 764; and (2) it must appear at the outset that the alleged deprivation was by act of the state. Barney v. City of New York, 193 U. S. 430, 24 Sup. Ct. 502, 48 L. Ed. 737. The contention of complainants' counsel at the argument, and, as I read it, a fair inference from the bill, is grounded upon the theory that the city council was without power to pass the ordinances in question; that is to say, that the council was acting beyond the scope of the powers delegated to the municipality by the state, and that the ordinances are therefore void. The court must look to the substance of the bill to determine whether there is in fact a federal question presented, or whether the federal question, if there be one, is but incidental to the controversy. As above stated, stress is laid by counsel for complainants upon the fact that the city council had no power to pass the ordinances. Unless the alleged invasion of the rights secured by the fourteenth amendment to the Constitution can be imputed to the state, no federal question is presented to confer jurisdiction on this court. The matter of the interpretation of state statutes is one that primarily belongs to the state courts. It may well be, and, indeed, the cases cited by counsel for complainants seem

strongly to indicate that the state court will so hold, that the ordinances are void for want of power in the municipality to enact them. City of Chicago v. Collins, 175 Ill. 455, 51 N. E. 907, 49 L. R. A. 408, 67 Am. St. Rep. 224; City of Chicago v. Banker, 112 Ill. App. 94. The federal courts should be slow to assume jurisdiction, unless it appears that a federal question is necessarily involved in the case. If under certain conditions a federal question may, but not necessarily will, arise, the parties should be relegated to their cause of action in the state court, where they may avail themselves in a proper case of their right to a review by the Supreme Court of the United States on a writ of error to the highest tribunal of the state. As said in the case of New Orlenas v. Benjamin, supra:

"The judicial power extends to all cases in law and equity arising under the Constitution, but these are cases actually and not potentially arising, and jurisdiction cannot be assumed on mere hypothesis. In this class of cases it is necessary to the exercise of original jurisdiction by the Circuit Court that the cause of action should depend upon the construction and application of the Constitution, and it is readily seen that cases in that predicament must be rare. Ordinarily, the question of the repugnancy of a state statute to the impairment clause of the Constitution is to be passed upon by the state courts in the first instance, the presumption being that in all cases they will do what the Constitution and laws of the United States require; and, if there be ground for complaint of their decision, the remedy is by writ of error under section 709 of the Revised Statutes [U. S. Comp. St. 1901, p. 575]. Congress gave its construction to that part of the Constitution by the twenty-fifth section of the judiciary act of September 24, 1789, c. 20, 1 Stat. 85, and has adhered to it in subsequent legislation."

See, also, Hamilton G. L. & C. Co. v. Hamilton City, 146 U. S. 258, 13 Sup. Ct. 90, 36 L. Ed. 963.

If, then, as I view it, complainants' substantial remedy against the ordinances in question is the want of power in the city to enact them, their relief must be found in the state courts. This question lies at the threshold of the case, and the federal questions, if any, are subservient and incidental thereto—questions potentially arising under the Constitution. And where, as in the case at bar, complainants come into court, not admitting the right of the city to enact the legislation in question, but strenuously insisting on its want of authority from the state, I am of the opinion that the federal court should refuse to take jurisdiction of the suit.

Of course, on a motion of this kind, the question of jurisdiction will not be decided, but in view of the doubts expressed above, and the fact that the court is not persuaded that complainants will be able to show that this court has jurisdiction of the subject-matter, the motion for a preliminary injunction is denied. The parties may within a short day, if they desire, present the matter to the court in an appropriate way to secure a ruling on the question of jurisdiction which will permit of its review in the court above.