LAND, J.
In the recent two cases of Blanchard v. Abraham, 115 La. 989, 40 South. 379, and Police Jury of Lafourche v. Robichaux et al., 116 La. 286, 40 South. 705, we maintained the right of the police jury of Lafourche parish and the municipal authorities of the town of Thibodaux, under special statutes, to maintain and operate a toll drawbridge over the Bayou Lafourche, partly within the limits of the said town.
*267 Plaintiff, in his petition, admits ibat the right of the parish and the town to collect tolls was conferred by statute, but takes the novel position that a large amount of tolls has already been collected, and that the interest on such fund will suffice to maintain and operate the bridge and to rebuild it when necessary, and that therefore no more tolls should be collected.
The petition prays for judgment decreeing that the Thibodaux bridge be maintained and operated, and, should the present bridge be destroyed, be rebuilt by the parish of Lafourche and the town of Thibodaux, in solido, and that no more tolls be collected on the Thibodaux bridge.
Or that the police jury of the parish of Lafourche and the authorities of the town of Thibodaux be ordered to deposit the Thibodaux bridge fund to the credit of the Thibodaux bridge, and that the aforesaid authorities be ordered to use the interest on the said bridge fund, and if necessary the principal to maintain, operate, and, as such occasions may require, to rebuild the Thibodaux bridge and to charge no tolls as long as said fund may exist.
The only interest disclosed by petitioner is that he is a citizen of the United States and of the state of Louisiana, who resides in the town of Thibodaux.
The petition admits that all the tolls heretofore collected, less the cost of maintenance, have been placed in the general fund of the parish and town respectively for their ordinary use. The fund, thus long since expended, is recreated by charging the net revenues for 14 years to the parish and town, with interest on the collections of each year. The result of the calculations is a total debit of $92,750 to the parish and town. The court is asked to treat this imaginary fund as on hand for the purpose of maintaining, operating, and reconstructing the toll bridge, if necessary, for all future time.
Plaintiff’s petition was dismissed on an exception of no cause of action.
The district judge assigns, as reasons for his ruling, that the petition discloses no interest in the petitioner to litigate the matters before the court.
The judge says:
“He does not complain of the violation of any personal rights. He is not shown to be a taxpayer. It appears not that he was ever made to pay tolls against his consent for the use of the Thibodaux bridge, and, as a matter of course, if any one else has suffered in this respect, he cannot, as a private citizen, be heard to champion the latter’s cause.”
We agree with our learned brother that the petition discloses no special injury to the plaintiff, and therefore no cause of action. Werges v. Railroad Co., 35 La. Ann. 648.
Even taxpayers must allege and show that the burden of taxation will be increased, or that they or their property will be otherwise injuriously affected. Handy v. New Orleans, 39 La. Ann. 109, 1 South. 593.
In Parish of Ouachita v. City of Monroe, 50 La. Ann. 285, 23 South. 832, this court held that the defendant had no interest to assail an act of Legislature as unconstitutional, though its enforcement might cause an increase in the amount of taxes imposed by the city on its inhabitants — a matter which concerned only the individual citizens who might be so charged.
Hence we conclude that the mere interest of the plaintiff as a citizen and resident of the town and parish is insufficient to support this action, were it otherwise maintainable.
Judgment affirmed.