SALANDER v. CITY OF TACOMA.

(District Court, W. D. Washington, S. D. October 15, 1913.)

No. 1,390.

1. COURTS (§ 327*)—JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE.

The proviso of Judicial Code (Act March 3, 1911) § 24, par. 1, 36 Stat. 1091, c. 231 (U. S. Comp. St. Supp. 1911, p. 135), "that the foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section," does not enlarge the jurisdiction of the District Courts beyond that previously possessed by the Circuit Courts, but was added to the former statute merely to remove any uncertainty.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 889; Dec. Dig. § 327.*]

2. COURTS (§ 327*)—JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY.

An action to recover money exacted under a city ordinance imposing a license tax on users of trading stamps on the ground that it violates the constitutional rights of complainant is not one "authorized by law" to redress the deprivation of equal rights secured by the Constitution and laws of the United States, within the meaning of Judicial Code (Act March 3, 1911) § 24, par. 14, 36 Stat. 1092, c. 231 (U. S. Comp. St. Supp. 1911, p. 137), which has reference to civil rights provisions, but one arising under the Constitution and covered by paragraph 1 of said section, and the jurisdictional amount of $3,000 must be involved to give a federal District Court jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 889; Dec. Dig. § 327.*]

At Law. Action by Gustaf Salander against the City of Tacoma. Dismissed for want of jurisdiction.

Tucker & Hyland, of Seattle, Wash., for plaintiff.

T. L. Stiles and Frank M. Carnahan, both of Tacoma, Wash., for defendant.

CUSHMAN, District Judge. This is an action to recover $100 from the city of Tacoma, alleged to have been paid under compulsion and protest by plaintiff as a license imposed by what is asserted to be a void ordinance. The complaint resembles a bill in equity, containing 25

separate paragraphs. The defendant moves to strike a number of these paragraphs, and, upon the hearing, suggested a want of jurisdiction of the court to entertain the suit.

The complaint alleges that plaintiff is a citizen of the state of Washington, a resident taxpayer of the defendant city, engaged in the grocery business therein, and paying a regular mercantile tax; that he entered into a contract with a certain firm to furnish him "trading stamps" redeemable in merchandise at said firm's store in Tacoma, which stamps the plaintiff gives to his customers with their cash purchases, in order to advertise his business; that by an ordinance of the defendant city he is required to pay a $100 license yearly, in order to avail himself of the use of such stamps; that such ordinance imposes a fine of not exceeding $100 and not less than $50 for its violation.

It is alleged that the ordinance is void as being in violation of article 1, § 10, of the federal Constitution, as its effect is to impair plaintiff's contract for "trading stamps" with said firm; that it violates the fourteenth amendment to the Constitution, in that it deprives him of the right of contract, and deprives him of liberty and property without due process of law, and denies the equal protection of the law.

No question is made but that the court would have been without jurisdiction prior to the adoption of the Judicial Code of 1911 (Act March 3, 1911, c. 231, 36 Stat. 1087 [U. S. Comp. St. Supp. 1911, p. 128]), the amount in controversy not being sufficient; the general character of the cause being such that, if the amount involved was sufficient, there would be concurrent jurisdiction in the federal and state courts.

[1] By the first paragraph of section 24 it is required that the amount in controversy must exceed $3,000 and "arise under the Constitution or laws of the United States" to give the District Court jurisdiction. By the Code of 1911, the following words have been added to the first paragraph of this section:

"Provided, however, that the foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section."

Following this provision is paragraph 14 of this section, which was paragraph 16 of section 629, R. S., as amended, which provides:

"Of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage, of any State, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law of the United States providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States"

—under which, it is now contended, this suit may be entertained by this court.

In the special cases and particular subjects covered by paragraphs 2 to 25, the Circuit Court had jurisdiction prior to the adoption of the Judicial Code of 1911, without regard to the amount in controversy. Spreckels v. McCain, 192 U. S. 397, 24 Sup. Ct. 376, 48 L. Ed. 496;

Downes v. Bidwell, 182 U. S. 244, at 247, 21 Sup. Ct. 770, 45 L. Ed. 1088. This jurisdiction has been transferred to the District Court.

It must be held that the jurisdiction was not changed by the added provision. It was merely inserted to make more clear the jurisdiction, as it already existed, under paragraphs 2 to 25 of section 24.

"The clause to the effect that, as to the remaining clauses of the section, the court shall have jurisdiction without regard to the sum or value of the property in dispute, was added for the purpose of removing all doubt upon the point, and is to meet claims similar to those advanced in Miller-Magee Co. v. Carpenter [C. C.] 34 Fed. 433; and in Ames v. Hager [C. C.] 36 Fed. 129." Note to paragraph 1, section 24, Judicial Code, Document No. 1144.

[2] This suit is rather one which arises "under the Constitution and laws of the United States," as provided in the first paragraph of section 24, where there must be the jurisdictional amount involved to give jurisdiction, than one "authorized by law" to redress the deprivation of a right, privilege, or immunity secured by the Constitution of the United States.

The fourteenth paragraph of section 24 has reference to civil rights only. Cruickshank v. Bidwell, 176 U. S. 73, at 79, 20 Sup. Ct. 280, 44 L. Ed. 377.

The cause will be dismissed for want of jurisdiction.