**LAWLESS et al. v. DUVAL COUNTY, FLA., et al.**

No. 792.

District Court, S. D. Florida, Jacksonville Division.

Feb. 16, 1934.

P. H. Odom, of Jacksonville, Fla., and W. A. MacWilliams and F. D. Upchurch, both of St. Augustine, Fla., for plaintiffs.

Milam, McIlvaine & Milam, P. L. Gaskins, and Julian E. Fant, all of Jacksonville, Fla., for defendants.

Before BRYAN, Circuit Judge, and RITTER and STRUM, District Judges.

STRUM, District Judge.

A bridge across the St. Johns river at Jacksonville was constructed pursuant to chapter 7462, Special Laws of Florida 1917, the entire cost of which was paid from the proceeds of general obligation bonds of Duval county authorized by that act and chapter 8672, Special Acts of 1921. No federal moneys were involved. By an election held pursuant to the first-named statute, it was determined by the electors of Duval county that said bridge should be a tollbridge. See State ex rel. Young v. Duval County, 76 Fla. 180, 79 So. 692. Chapter 7462, § 6, provided that the net earnings of the bridge should be used (1) for maintenance and repairs, (2) to pay interest on the bridge bonds, and (3) to provide a sinking fund therefor. Sufficient net earnings have now been received from tolls to retire all said bridge bonds.

Chapter 16400, Special Laws of Florida 1933, provides that tolls on the bridge shall be continued, and that all net earnings above the amount necessary for maintenance and to retire the bridge bonds shall be used for the purchase or retirement of any outstanding bonds of Duval county. With these surplus earnings bonds of Duval county, in amount of approximately $651,000, not pertaining to the bridge, have been retired or funds set aside for that purpose, and it is contemplated to similarly retire other bonds of Duval county, including road bonds.

Chapter 16402, Special Laws of Florida 1933, authorizes Florida Ferry Company to construct another bridge across the St. Johns river near the present county bridge, if approved by the electors of Duval county, which bridge will become the property of Duval county when the cost of erecting and maintaining the same, together with a specified re-

turn to the Ferry Company, is paid from tolls to be collected on the proposed bridge. Until that time, however, Duval county is required to maintain a specified minimum toll for use of the present county bridge.

Plaintiffs, four of whom are citizens of Duval county, Fla., residing on the south side of the river, one a citizen of St. Johns county, and one a citizen of Maryland, assert that the continued charging of tolls on the present county bridge is without warrant of law, notwithstanding chapters 16400 and 16402, supra, because the purposes for which the tolls were originally imposed under chapter 7462 have been accomplished, and that collection of tolls cannot be justified for any other purpose.

Plaintiffs point out that they and others who live on the south side of the river and who transact their business and personal affairs on the north side are obliged to use this bridge from time to time; that in Duval county there are viaducts and bridges over navigable streams other than the St. Johns river, all of which are used by the public without charge, which viaducts and bridges were constructed with the proceeds of public bonds which, under chapters 16400 and 16402, are being retired with net earnings from the county bridge, a part of which earnings plaintiffs and others are compelled to pay in order to use the bridge in their daily affairs. For these reasons, and also because the bridge is alleged to be part of a federal-aid highway, plaintiffs assert that by the continued exaction of tolls for the purposes now provided by the legislation under attack, plaintiffs' rights, privileges, and immunities are abridged contrary to the Fourteenth Amendment to the Federal Constitution, and that this suit is brought to redress such deprivation or abridgment of their rights and privileges pursuant to Judicial Code § 24 (14), 28 USCA § 41 (14). The relief sought is that the further collection of tolls be enjoined.

The cause is now before us, pursuant to Judicial Code § 266, 28 USCA § 380, on application for an interlocutory injunction restraining the execution of said state statutes in the respect stated.

■ Section 24 (14), Judicial Code, 28 USCA § 41 (14), was brought forward from the Act of April 20, 1871, 17 Stat. at Large, 13, c. 22, entitled "An Act to enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for other Purposes." That section has reference to actions brought to redress the deprivation of *civil* rights, primarily—if not exclusively—those secured by the Fourteenth Amendment, amongst which are the right to make and enforce contracts, to sue and to give evidence, to be secure in person and property, to inherit, purchase, lease, sell, hold, and convey real and personal property. See sections 1977, 1978, Rev. Stat., 8 USCA §§ 41, 42. Clearly the supposed rights here asserted are not of the character contemplated either by the Fourteenth Amendment or by section 24 (14), Judicial Code. So the suit cannot be maintained under the latter section. Holt v. Indiana Mfg. Co., 176 U. S. 68, 20 S. Ct. 272, 44 L. Ed. 374; Farson v. City of Chicago (C. C.) 138 F. 184; Carter v. Greenhow, 114 U. S. 317, 5 S. Ct. 928, 29 L. Ed. 202; Simpson v. Geary (D. C.) 204 F. 507; Salander v. City of Tacoma (D. C.) 208 F. 427.

■ Moreover, the exaction of tolls for use of the bridge, which is the essence of plaintiffs' complaint, is common to all who use the bridge. Plaintiffs allege no injury or damage peculiar to themselves and not suffered by all alike, in the absence of which special injury or damage plaintiffs are not entitled to relief against a supposed abridgment of their civil rights. Sidener v. Haw Creek Turnpike Co., 91 Ind. 186; Roberts v. Columbia, etc., Turnpike Co., 98 Tenn. 133, 38 S. W. 587; Laforest v. Town of Thibodaux, 117 La. 266, 41 So. 568; 32 C. J. 47; 19 R. C. L. 1164.

This is in no sense a "taxpayer's" suit in which one representing a class may sue to redress a public wrong without showing special injury to himself. Plaintiffs have no right in the bridge itself, nor do they assert any right as taxpayers in the earnings of the bridge.

■ Plaintiffs also urge that the suit is one arising under the Constitution and laws of the United States, because the bill alleges that enforcement of the two statutes in question will deny plaintiffs the equal protection of the law and will deprive them of their property without due process, contrary to the Fourteenth Amendment. That charge does not afford a basis of federal jurisdiction in the absence of allegations—which are here lacking—that the sum or value in controversy exceeds $3,000. 28 USCA § 41 (1); Holt v. Indiana Mfg. Co., 176 U. S. 68, 20 S. Ct. 272, 44 L. Ed. 374; Turner v. Jackson Lumber Co. (C. C. A. 5) 159 F. 923; Fishback v. Western Union Tel. Co., 161 U. S. 96, 16 S. Ct. 506, 40 L. Ed. 630; Teeters v. Henton (D. C.) 43 F.(2d) 175.

Injunction denied.