Henry Clay Greenberg, J.
This is a motion to dismiss the complaint upon the ground it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. The plaintiff is a corporate carrier and operates its vehicles over the Triborough and Bronx Whitestone Bridges in the City of New York. The defendants are members and officers of the Triborough Bridge and Tunnel Authority (hereinafter referred to as the Authority), a public benefit corporation organized and existing under sections 550 to 571 of the Public Authorities Law.
The powers of the Authority are vested in a board of three members appointed by the Mayor of the City of New York, who serve without compensation. The Authority will cease to exist when all its bonds and other liabilities have been discharged, and upon the happening of this event all the rights and properties of the Authority will pass to and be vested in the City of New York.
The Authority, by virtue of a pertinent statute, was authorized to and did construct the Triborough and Bronx Whitestone Bridges. By the same statute the Authority was empowered to establish and collect tolls on the bridges, to issue its bonds for any corporate purposes and to refund such bonds. Accordingly, bonds were issued and tolls established, which were collected by the Authority, for motor trucks using the mentioned bridges. These toll rates have been increased and because of that fact plaintiffs have instituted this action for a declaratory judgment. The challenge to the right to increase tolls is predicated primarily on the grounds that the act of the Authority in increasing the tolls and rates on the bridges in question is void and unconstitutional. The Authority’s answer is twofold: (1) that the plaintiff does not have the right to maintain the action; and (2) that the Authority was acting pursuant to the provisions of the Public Authorities Law, and that its provisions do not in any way offend the Constitution.
I am in accord with the position of the Authority.
The complaint alleges that plaintiff sues on its own behalf and on behalf of all other persons similarly situated, and in this connection avers (Complaint, pars. Third, Fourth) that there are numerous motor carriers and motor vehicle operators who operate, as does plaintiff, over said bridges, the names of many of whom are unknown to plaintiff and cannot with due diligence be ascertained by it, and that it is therefore impracticable to *74 join them as plaintiffs in this action or to make them party defendants to it; that all other motor carriers and motor vehicle operators have a common interest with the plaintiff in the subject matter of this action, and that this action is brought by plaintiff in its own right and for the benefit of all others similarly situated with equal force and effect and that they are collectively referred to herein as plaintiff.
It is the established law that, where the injury complained of is in fact a public injury, and the right violated is a public right, an individual cannot maintain an action for an injunction, or for any other relief, unless he suffers a special injury different from that suffered by the public at large. (Schieffelin v. Komfort, 212 N. Y. 520, 56 L. R. A. [N. S.], 485; Doolittle v. Supervisors of Broome County, 18 N. Y. 155; Roosevelt v. Draper, 23 N. Y. 318; New York League for Separation of Church & State v. Graves, 170 Misc. 196; Matter of Goldstein v. State Comm. of Correction, 182 Misc. 695; Bull v. Stichman, 189 Misc. 590, 189 Misc. 597; Lawless v. Duval County, 6 F. Supp. 303 [U. S. Dist. Ct., Fla.].)
In the Schieffelin case (supra, p. 530) the court pointed out that “ The rights to be affected must be personal as distinguished from the rights in common with the great body of people ” and further stated (p. 533) that “ The clear weight of authority in this state is against the alleged power and authority of the courts to pass upon the constitutionality of a statute except in an action or proceeding in behalf of a person whose special, peculiar personal rights are affected thereby.”
In the New York League case (supra, p. 198) the court said: “ For more than a century it has been the settled law of this State that where no direct individual injury peculiar to plaintiff is shown, no action against a public officer can be maintained by a citizen on the ground that his interests as a member of the State have been impaired or disturbed, since no one can assume the role of champion of the community.”
In the Lawless case (supra) the suit was to enjoin the enforcement and execution of laws affecting tolls on a county bridge and to restrain the continued charging of tolls. The plaintiffs asserted, in part, that such continued charging of tolls was without lawful warrant. Plaintiffs pointed out that they and others were obliged to use the bridge. In denying the motion for an interlocutory injunction, the court held that the plaintiffs could not maintain the action, saying (p. 304): “ Moreover, the exaction of tolls for use of the bridge, which is the essence of plaintiffs’ complaint, is common to all who use the bridge. Plaintiffs allege no injury or damage peculiar to *75 themselves and not suffered by all alike, in the absence of which special injury or damage plaintiffs are not entitled to relief against a supposed abridgement of their civil rights.”
Plaintiff has not established a special injury peculiar to it and different from that suffered by the public at large, and hence it is without legal capacity to institute and maintain this action.
In the light of this disposition, it is unnecessary to pass upon the constitutional assault made by the plaintiff against the Authority. Accordingly, the motion to dismiss the complaint is granted.
Settle order.