# HOLT *v.* INDIANA MANUFACTURING COMPANY.

**APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.**

No. 30. Argued December 19, 20, 1899. — Decided January 15, 1900.

The reasons for refusing, at October Term 1898, to dismiss this case on the ground that the appeal to this court was not taken in time, are the same as those set forth in *Allen* v. *Southern Pacific Railroad*, 173 U. S. 479.

The complaint of the Manufacturing Company that the assessment upon it of the taxes complained of was illegal, because in effect levied on patents or patent rights, did not involve the construction, or the validity, or the infringement of the patents referred to, or any other question under the patent laws, and was not therefore a suit arising under the patent laws, and the Circuit Court had no jurisdiction of it on that ground.

The provisions in Rev. Stat. § 629, clauses 9 and 16, § 563, and § 1979, brought forward from the act of April 20, 1871, c. 22, refer to civil rights only, and are inapplicable here.

Following *United States* v. *Sayward,* 160 U. S. 493, and *Fishback* v. *Western Union Tel. Co.*, 161 U. S. 96, the court holds that the sum of $2000 named in § 1 of the act of March 3, 1887, c. 373, as corrected by the act of August 13, 1888, c. 866, was jurisdictional, and following *The Paquete Habana,* 175 U. S. 677, it holds that this is not affected by the fact that the operation of the act of March 3, 1891, c. 517, was to do away with any pecuniary limitation on appeals directly from the Circuit Court to this court.

THIS suit was brought in the Circuit Court of the United States for the District of Indiana by the Indiana Manufacturing Company, a corporation organized and existing under the laws of the State of Indiana, against Sterling R. Holt and others, taxing officers of Marion County, Indiana, and of a township in said county, and some others, constituting the board of review of that county, all of whom were citizens of Indiana, to enjoin the collection of certain personal taxes for the years 1892, 1893, 1894 and 1895, assessed upon the capital stock and tangible property of the company. The bill alleged that the larger part of the assessment made by the taxing authorities was for the supposed value of certain rights under letters patent from the United States owned by the company, and which the company insisted were not subject to taxation by the state authorities; that the capital stock, aside from the tangible property, represented solely the supposed value of the letters patent; and that the taxes in respect of the tangible property had been paid by the company. Complainant charged that the assessment was illegal, unconstitutional and void, and averred that the suit was instituted " to redress the deprivation, under color of a law of the State of Indiana, of a right secured by the laws of the United States, and further, that it is a suit arising under the patent laws of the United States."

The Circuit Court entered a decree, in accordance with the prayer of the bill, perpetually enjoining the collection of the taxes claimed to be due in respect of the capital stock in so far as the value thereof was derived from patent rights or letters patent owned by complainant. An appeal was taken to the Circuit Court of Appeals for the Seventh Circuit and dismissed by that court for want of jurisdiction. 46 U. S. App. 717.

The Circuit Court of Appeals held that the suit was not one arising under the patent laws of the United States, and that as the jurisdiction of the Circuit Court could rest only on the ground that the constitutional rights of complainant were infringed by the laws of the State of Indiana which were repugnant to and in contravention of the Constitution of the United States, an appeal would not lie to that court, and could only be taken directly to this court under section five of the Judiciary Act of March 3, 1891.

Thereupon this appeal was taken.

*Mr. William L. Taylor* and *Mr. John K. Richards* for appellants. *Mr. Merrill Moores* and *Mr. Cassius C. Hadley* were on their brief.

*Mr. Chester Bradford* for appellee.

Mr. CHIEF JUSTICE FULLER, after making the above statement, delivered the opinion of the court.

The decree of the Circuit Court was entered in March, 1896, and the appeal to this court was not taken until somewhat over one year and six months, though within two years, thereafter. In January, 1898, a motion to dismiss was made on the ground that section 1008 of the Revised Statutes, giving two years for the bringing of a writ of error, or the taking of an appeal, to review the judgments or decrees of the Circuit or District Courts, was repealed by the Judiciary Act of March 3, 1891. We did not concur in that view, and the motion was denied, though without an opinion. But in *Allen* v. *Southern Pacific Railroad Company*, 173 U. S. 479, the

reasons will be found for our conclusion that the limit of two years remained unchanged.

In this, as in all cases, if it appears that the Circuit Court had no jurisdiction, it is the duty of this court to so declare and enter judgment accordingly.

Complainant rested the jurisdiction on clauses nine and sixteen of section 629 of the Revised Statutes.

(1.) Section six hundred and twenty-nine provides that "the Circuit Courts shall have original jurisdiction as follows: . . . Ninth. Of all suits at law or in equity arising under the patent or copyright laws of the United States."

The complaint that the assessment of these taxes was illegal because in effect levied on patents or patent rights, did not involve the construction, or the validity, or the infringement of the patents referred to, or any other question under the patent laws. This was not, therefore, a suit "arising under the patent laws," and the Circuit Court had no jurisdiction on that ground. *Dale Tile Manufacturing Company* v. *Hyatt*, 125 U. S. 46; *Wood Mowing Machine Company* v. *Skinner*, 139 U. S. 293; *Wade* v. *Lawder*, 165 U. S. 624.

(2.) The sixteenth clause of § 629 reads thus: "Of all suits authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom or usage of any State, of any right, privilege or immunity, secured by the Constitution of the United States, or of any right secured by any law providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States."

Similar jurisdiction is conferred upon District Courts by the twelfth clause of § 563 of the Revised Statutes.

Section 1979 of the Revised Statutes provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

All these provisions were brought forward from the act of April 20, 1871, entitled "An act to enforce the provisions of the Fourteenth Amendment to the Constitution of the United States, and for other purposes." 17 Stat. 13, c. 22.

Assuming that they are still in force, it is sufficient to say that they refer to civil rights only and are inapplicable here.

If state legislation impairs the obligations of a contract, or deprives of property without due process of law, or denies the equal protection of the laws, as asserted by counsel in respect of the statutes of Indiana, remedies are found in the first section of the act of August 13, 1888, 25 Stat. 433, c. 866, giving to the Circuit Courts jurisdiction of all cases arising under the Constitution and laws of the United States; and in § 709 of the Revised Statutes, which gives a review on writ of error to the judgments of the state courts whenever they sustain the validity of a state statute or of an authority exercised under a State, alleged to be repugnant to the Constitution or laws of the United States. *Carter* v. *Greenhow*, 114 U. S. 317; *Pleasants* v. *Greenhow*, 114 U. S. 323.

(3.) Treating this bill as setting up a case arising under the Constitution or laws of the United States on the ground that the laws of Indiana authorized the taxation in question, and were therefore void because patent rights granted by the United States could not be subjected to state taxation, or because the obligation of the contract existing between the inventor and the general public would be thereby impaired, or for any other reason, the difficulty is that the pecuniary limitation of over two thousand dollars applied, and the taxes in question did not reach that amount. And the effect on future taxation of a decision that the particular taxation is invalid cannot be availed of to add to the sum or value of the matter in dispute. *New England Mortgage Company* v. *Gay*, 145 U. S. 123; *Clay Center* v. *Farmers' Loan & Trust Company*, 145 U. S. 224; *Citizens' Bank* v. *Cannon*, 164 U. S. 319.

The language of the first section of the act of March 3, 1887, as corrected by the act of August 13, 1888, is: "That the Circuit Courts of the United States shall have original cognizance, concurrent with the courts of the several States,

of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority. . . ." This was carefully considered in *United States v. Sayward*, 160 U. S. 493, and it was held that the sum or value named was jurisdictional, and that the Circuit Court could not, under the statute, take original cognizance of a case arising under the Constitution or laws of the United States unless the sum or value of the matter in dispute, exclusive of costs and interest, exceeded two thousand dollars. That decision was reaffirmed in *Fishback* v. *Western Union Telegraph Company*, 161 U. S. 96, 99. And the conclusion reached is not affected by the fact that the operation of the act of March 3, 1891, was to do away with any pecuniary limitation on appeals directly from the Circuit Courts to this court. *The Paquete Habana*, 175 U. S. 677.

We are therefore constrained to hold that the Circuit Court had no jurisdiction.

*Decree reversed, with costs, and cause remanded to the Circuit Court with a direction to dismiss the bill.*