### DELAWARE, L. & W. R. CO. v. LYNE.

(Circuit Court of Appeals, Third Circuit. February 23, 1912.)

No. 77 (1,272).

1. APPEAL AND ERROR (§ 843*)—MOOT QUESTIONS.

A question of jurisdiction, which has become a moot question on appeal from a judgment for nominal damages, will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3341; Dec. Dig. § 843.*]

2. COURTS (§ 328*)—JURISDICTION—FEDERAL COURTS—AMOUNT IN CONTROVERSY.

An action for damages for subjecting plaintiff to undue prejudice and disadvantage, in violation of the interstate commerce act and acts amendatory thereof and supplementary thereto, is not within the jurisdiction of the federal courts, unless the amount in dispute exceeds $2,000, since section 9 of the act, giving the right to sue in a federal court of competent jurisdiction, leaves the question of jurisdiction to be determined by other federal statutes on the subject.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 328.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. J. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

3. COSTS (§§ 22, 172*)—NOMINAL DAMAGES—RIGHT TO TAX COSTS.

Where a federal court having jurisdiction of an action for a violation of the interstate commerce act, because the amount demanded exceeds $2,000, renders judgment for nominal damages only, it is forbidden by· Rev. St. § 968 (U. S. Comp. St. 1901, p. 702), to allow costs, and it is improper to allow attorney's fees to plaintiff.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. §§ 22, 172.*]

In Error to the Circuit Court of the United States for the District of New Jersey.

---

Action by Christopher Lyne against the Delaware, Lackawanna & Western Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed in part; reversed in part.

See, also, 170 Fed. 847.

M. M. Stallman, for plaintiff in error.

Everett Colby, for defendant in error.

Before GRAY and BUFFINGTON, Circuit Judges, and Mc-PHERSON, District Judge.

J. B. McPHERSON, District Judge. [1] As the question of jurisdiction upon the facts, raised at the reargument of this case, has practically become a moot question, and as the verdict was for nominal damages only, it will be readily understood that we do not feel obliged to discuss at this time a somewhat perplexing subject.

[2, 3] But there is one matter that does require attention. The suit was brought to recover "damages for subjecting said plaintiff [Lyne] to undue and unreasonable prejudice and disadvantage, in violation of an act of Congress entitled 'an act to regulate commerce,' approved February 4, 1887 [24 Stat. 379, c. 104 (U. S. Comp. St. 1901, p. 3154)], and acts amendatory thereof and supplementary thereto." The damages claimed were unliquidated, but were stated in the ad damnum clause of the declaration at $20,000. A jury trial was had, and the plaintiff recovered a verdict of $1. Afterwards the Circuit Court allowed an attorney's fee of $250, "to be taxed as part of the costs in this case." It is conceded by counsel for plaintiff below that, if no costs are taxable, the counsel fee should not have been allowed.

It is clear that upon the foregoing facts no costs could ordinarily be allowed. The suit was properly brought in the Circuit Court, because the action was upon a federal statute and the amount averred to be in controversy was $20,000. But as the amount recovered was less than $500, section 968, R. S. (U. S. Comp. St. 1901, p. 702), would forbid the allowance of costs. This is undoubted, in a case that cannot be brought in the Circuit Court unless the amount in dispute exceeds $2,000. Has the interstate commerce act enlarged the jurisdiction of the federal courts, so that any suit under that statute may be brought in the federal courts, no matter how small the amount really in controversy may be? In our opinion no such enlargement has been made. Section 9 of the act gives the right either to make complaint to the Commission, or to bring suit "in any District or Circuit Court of the United States of competent jurisdiction"; but it leaves the question of "competent jurisdiction" to be determined by the other federal statutes upon that subject. The decisions of the Supreme Court leave no doubt upon this point. In U. S. v. Sayward, 160 U. S. on page 497, 16 Sup. Ct. on page 373 (40 L. Ed. 508), the court says:

"It is clear that a Circuit Court cannot, under that statute [act of 1887, amended in 1888], take original cognizance of a case arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or of a controversy between citizens of different

states, or of a controversy between citizens of a state, and foreign states, citizens or subjects, unless the sum in dispute, exclusive of interest and costs, exceeds $2,000, because in immediate connection with the enumeration of each of such cases will be found expressed a limitation of that character in respéct of the sum or value necessary to give jurisdiction."

See, also, Holt v. Manufacturing Co., 176 U. S. 68, 20 Sup. Ct. 272, 44 L. Ed. 374, and other cases, in which it is definitely ruled that, even where the subject-matter of the controversy arises under the Constitution or the laws of the United States, a Circuit Court does not have original jurisdiction (if this be not specially and expressly given) unless the sum or value in dispute exceeds $2,000.

In the case before us, the Circuit Court had jurisdiction to entertain and decide the dispute; but its power extended no further. It was expressly forbidden to allow costs, since the verdict was for less than $500. If it be asked, in what tribunal a suit under the interstate commerce act that involves only a small sum should be brought, without running the risk of losing costs, the answer is—in the appropriate court of the state. Other suits involving small amounts must be brought in such courts, even if diversity of citizenship exists; and this is the rule, also, even if the suit be upon a federal statute. There is no reason why such suits may not be brought in the courts of a state. Indeed, the leading case of Railway Co. v. Abilene Oil Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075, was begun in a state court of Texas, and the latest case decided by the Supreme Court, Robinson v. B. & O. R. R. Co. (Jan. 9, 1912) 222 U. S. 506, 32 Sup. Ct. 114, 56 L. Ed. ——, was begun in a county court of West Virginia. And it has been decided very recently, Mondou v. Railroad Co. (Jan. 15, 1912) 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. ——, that rights given by a federal statute (if enforcement be not restricted to the federal tribunals) may be ordinarily asserted in the courts of the state, and that these courts are bound to entertain the suits.

It is not necessary to prolong the discussion. The judgment of $1 is affirmed, with the costs of this court; but the order awarding costs in the Circuit Court, and the allowance of an attorney's fee of $250, is hereby reversed.