**Donald M. REAM and Marilla L. Ream, Plaintiffs-Appellants,**

v.

**Harold W. HANDLEY, John Peters, Harry E. Bodine, Charles M. Dawson, Matthew Welsh, David Cohen, Edward S. Furnish, J. Earl Wooding, Oral S. Craig, George E. Goodwin, and Indianapolis Newspapers, Inc., Defendants-Appellees.**

No. 15380.

United States Court of Appeals Seventh Circuit.

April 20, 1966.

Rehearing Denied June 2, 1966.

Donald M. Ream, Jr., Howard S. Young, Jr., Indianapolis, Ind., for appellant.

Raymond W. Gray, Jr., John J. Dillon, Atty. Gen., Charles S. White, Asst. Atty. Gen., Anton Dimitroff, Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., for defendant-appellee Indianapolis Newspapers, Inc.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Plaintiffs, Donald M. Ream and Marilla L. Ream, citizens of the state of Indiana, appeal from a decision of the district court sustaining defendants' respective motions to dismiss for want of jurisdiction of the subject matter. The district court found it unnecessary to consider defendants' second basis for dismissal, failure to state a claim upon which relief can be granted.

By their amended complaint in this nondiversity action, plaintiffs seek relief against various former public officials of the state of Indiana [1] and against Indianapolis Newspapers, Inc., an Indiana corporation (herein called "Newspaper"), for damages and a declaratory judgment that two Indiana statutes, Acts of 1895, Ch. 45 and Acts of 1905, Ch. 48, § 1, are unconstitutional.

In substance, plaintiffs' amended complaint alleges the following. Plaintiffs are the owners in fee simple of certain real estate in Marion County, Indiana, which they caused to be platted for a residential subdivision in 1954, and since 1956 they have been unable to sell and dispose of their lots and otherwise use said property because defendants, other than Newspaper, have from time to time announced publicly that the state of Indiana had located a federal-aid public highway (known as Interstate I–465 or Indiana State Road 100) over and across plaintiffs' real estate or some portion thereof. Newspaper is alleged to have printed and published news stories in connection therewith and published for a consideration notices of a public hearing concerning the location of said highway. Furthermore, plaintiffs allege that defendant public officials threatened to and did enter upon plaintiffs' land, without their permission, for the purpose of making a survey for said highway; and that plaintiffs have been discriminated against by said officials in that such officials have purchased or condemned rights of way across the lands of others

---

1. Two former governors and various former members of the Indian State Highway Commission.

in the vicinity, paying a valuable consideration therefor, but have not yet purchased or condemned any of plaintiffs' land.

In summary, the gravamen of plaintiffs' amended complaint is that they have been deprived of constitutional property rights in that defendants, under color of state law and pursuant to a conspiracy, have libeled and slandered their title to said property, unlawfully searched and seized it, denied them the lawful and peaceful enjoyment of the property and the right to use, develop and dispose of it, discriminated against them, and caused them to suffer vexations.

1. Plaintiffs' first contention is that the "scope and purpose of the fourteenth amendment to the constitution of the United States is to guarantee that no state shall deprive any citizen of life, liberty or property without due process of law," and that a violation of said amendment gives the district court federal question jurisdiction under 28 U.S. C.A. § 1331.

In support of this, plaintiffs cite Progress Development Corporation v. Mitchell, 7 Cir., 286 F.2d 222 (1961). However, in that case the individual defendants allegedly conspired to deprive plaintiffs of equal protection of the laws by inducing the park board to condemn plaintiffs' land and inducing village trustees to abuse enforcement of the building code for the purpose of denying plaintiffs' right to conduct corporate enterprises. Here, the fourteenth amendment is involved remotely, if at all. It is defendants' nonaction (refusal to purchase or condemn any of plaintiffs' land), coupled with the statements of public officials and newspaper publicity, that is the crux of plaintiffs' complaint. But plaintiffs do not allege that the highway in question will not in fact be built in the location mentioned, nor that any of the defendants has taken, or threatens to take, their land for such a use without just compensation therefor. We hold that no "genuine and present controversy" exists herein under the fourteenth amendment. " * * * A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * *." Gully v. First Nat. Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936).

Moreover, to impose a time limit during which a state may purchase or condemn land for a public purpose or to restrict the advertising thereof, where plaintiffs might not in fact suffer any damage and where there is no allegation of a conspiracy to defraud, would unduly hamper a state in the pursuit of its traditional and legitimate functions.

" * * * To define broadly and in the abstract 'a case arising under the Constitution or laws of the United States' has hazards of a kindred order. What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of problems of causation. One could carry the search for causes backward, almost without end. * * To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible. We shall be lost in a maze if we put that compass by." Gully, pp. 117–118, 57 S.Ct. p. 100, supra.

Cf. Howard v. Illinois Cent. R. Co., 7 Cir., 64 F.2d 267 (1933) and Bauman v. Ross, 167 U.S. 548, 17 S.Ct. 966, 42 L.Ed. 270 (1897).

Plaintiffs also seek support from Buchanan v. Warley, 245 U.S. 60, 38 S.Ct. 16, 62 L.Ed. 149 (1917) and Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The former case involved the constitutionality of a city ordinance which prohibited negroes from occupying houses in blocks where the greater number of houses were occupied by white persons. The latter case was concerned with the conduct of police officers, who, among other things, without any warrant for search or arrest, broke into petitioners' home, routed them from

bed, made them stand naked in the living room, and ransacked every room. Clearly, neither case is in point.

2. Similarly, the district court did not acquire jurisdiction under § 1331 by virtue of any other alleged violation of the constitution. Plaintiffs' amended complaint, insofar as it seeks damages for alleged slander of title and trespass, does not fall within the fourth, fifth or fourteenth amendments, but sounds in tort. Association for Preserv. of Freedom of Choice v. Simon, 2 Cir., 299 F.2d 212, 214 (1962). Slander of title is a common law action recognized by the laws of Indiana, May v. Anderson, 14 Ind.App. 251, 42 N.E. 946 (1896), and trespass is recognized by the courts of Indiana.

3. Plaintiffs also contend that jurisdiction exists under 28 U.S.C.A. §§ 1343(3) and (4), which provide:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \* \*

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote. \* \* \*

These statutory sections are jurisdictional. But it is necessary for plaintiffs to find another law which authorizes the commencement of an action. In their search they point to the fourteenth amendment and 42 U.S.C.A. § 1983. Regarding the former, we already have held that no "genuine and present controversy" exists under that amendment. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. \* \*

The controlling authority, however, seems to hold that the civil rights statutes, of which § 1983 is one, do not confer jurisdiction where a person seeks only to protect property or monetary rights. Holt v. Indiana Manufacturing Company, 176 U.S. 68, 72, 20 S.Ct. 272, 44 L.Ed. 374 (1900); Hague v. Committee for Industrial Organization, 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Abernathy v. Carpenter, W.D. Mo., 208 F.Supp. 793, 794 (1962), aff'd, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed.2d 409 (1963). The only cited case which is authority for plaintiffs' view is Joe Louis Milk Company v. Hershey, 243 F.Supp. 351, 354 (1965). We are not prepared to ignore the foregoing cases antedating 1965.

In any event, plaintiffs have no action under § 1983, because said section creates a cause of action for only the violation of federal rights. This court in Ortega v. Ragen, 216 F.2d 561, 562 (1954), has observed that:

"A cause of action arises under this section only when a right created by the Federal Constitution or laws has been violated. Violation of a state law is not sufficient. \* \* \* "

Thus, an action for slander of title or trepass is not a right created by the constitution or by any federal statute relied on by plaintiffs.

4. Plaintiffs' final attempt to convince this court that the district court had jurisdiction over the subject matter is based on the Declaratory Judgment

**732**

Act, 28 U.S.C.A. § 2201, which provides, in part:

> In a case of actual controversy within its jurisdiction, * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. * * *

Coupled with the foregoing statute, plaintiffs, pursuant to 28 U.S.C.A. § 2284, seek a three-judge court to declare that Indiana Acts of 1895, Ch. 45 and Acts of 1905, Ch. 48, § 1 are unconstitutional and void. But plaintiffs do not seek by their amended complaint an *injunction* against the enforcement of these Indiana acts, and therefore their prayer must fail. In Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962), the Supreme Court observed:

> " * * * The three-judge requirement is a technical one to be narrowly construed, Phillips v. United States, 312 U.S. 246, 251 [61 S.Ct. 480, 85 L.Ed. 800]. The statute comes into play only when an injunction is sought 'upon the ground of the unconstitutionality' of a statute. * * * "

See also, Flemming v. Nestor, 363 U.S. 603, 607, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

■■ Standing alone, § 2201 requires the presence of an "actual controversy within its jurisdiction", and it does not create an independent ground of jurisdiction. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937); Chance v. County Bd. of Sch. Trustees of McHenry County, Ill., 332 F.2d 971, 974 (1964). Plaintiffs have cited no authority under the constitution or federal statutes that would give the district court jurisdiction.

In view of all of the foregoing, the judgment of the district court sustaining defendants' respective motions to dismiss for want of jurisdiction over the subject matter is affirmed.

Judgment affirmed.