**Thomas A. McMANIGAL, Plaintiff-Appellant,**

v.

**Seymour SIMON et al., Defendants-Appellees.**

**No. 16080.**

United States Court of Appeals Seventh Circuit.

July 21, 1967.

Rehearing Denied Sept. 27, 1967.

William Hettleman, Chicago, Ill., for appellant.

Donald J. Veverka, Asst. State's Atty., Edward J. Hladis, Chief, Civ. Div., John J. Stamos, State's Atty., Chicago, Ill., for appellees.

Before SCHNACKENBERG, CASTLE and FAIRCHILD, Circuit Judges.

CASTLE, Circuit Judge.

Thomas A. McManigal, plaintiff-appellant, prosecutes this appeal from orders of the District Court denying his motion to vacate a previous order of the court dismissing his amended complaint, and denying his subsequent motion that the District Court notify the Chief Judge of this Court to designate two other judges to serve as members of a three-judge court to hear and determine plaintiff's action.

Plaintiff's amended complaint sought declaratory and injunctive relief against the defendants-appellees, the members of the Board of Commissioners of Cook County, Illinois, and the State's Attorney of Cook County, respectively. Jurisdiction of the District Court was predicated on 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983, § 1985 and § 1988, and the amended complaint requested the convening of a three-judge court as provided under 28 U.S.C.A. § 2281 and § 2284.

From our examination of the record we conclude that the District Court lacked jurisdiction of the plaintiff's action. Accordingly, we affirm the orders appealed.

Plaintiff's amended complaint sought to have declared invalid a resolution of the Board of Commissioners of Cook County authorizing the Board's president to enter into a proposed contract with the Chicago Law Institute and sought to restrain the defendants from commencing any state court action to cancel a March 11, 1958 agreement between the County and the Institute under which the law library of the Institute was to be housed in the Cook County Court House for a ten year period expiring April 4, 1968, in exchange for free access to the library by the judges of courts of record and certain designated county and city officers.

The complaint alleges, *inter alia*, that plaintiff is a "stockholder-member" of the Chicago Law Institute, and sues on behalf of himself and all other such members; that the Chicago Law Institute is an Illinois corporation created February 18, 1857, by a special Act of the Illinois legislature; that the corporation succeeded an earlier unincorporated not-for-profit association formed to provide for the exchange of law books between the organizers; that pursuant to contracts renewable every ten years the Institute has been furnished space in the Cook County Court House to house its law books "in return for which the Corporation's charter, Section 6, secured to all Federal and State judges of courts of record 'the free access to, and the full and entire use and enjoyment of the said library and all the privileges and advantages thereof free of expense under the same rules and regulations as may be provided by the by-laws of the said Corporation for the proprietors or shareholders thereof' "; that the current contract expires April 4, 1968; that with the completion of the Civic Center, to which the Cook County courts were removed, the law library of the Institute was moved August 12, 1966, to that location contrary to the desires of some 600 of the Institutes approximate 1400 members; that prior thereto the defendant Board of Commissioners of Cook County by resolution authorized its president to execute a proposed contract with the Institute providing for the donation of the Institute's law library to the County and

that the Institute and the County jointly seek state court approval of such contract; that the Institute's executive committee voted like authority to the Institute's president; that such contract was executed, state court approval sought, a final decree entered July 13, 1966, approving the contract, and an appeal therefrom taken by certain of the Institute's members; and that plaintiff and other members of the Institute have a pecuniary interest in the Institute, and thereby an interest in its assets including the unexpired agreement of March 11, 1958.

The complaint asserts that by reason of the acts of the defendants, the plaintiff and other shareholder members of the Institute have been denied due process of law, denied equal protection of the laws, and deprived of the equal right to own and defend their property, all in violation of the Constitution of the United States, and all under color and pretense of law; that the Institute and its stockholder members have suffered great and irreparable damage, injury and loss of property, and have no adequate remedy at law, and may be deprived of their right to sue for damages for breach of the March 11, 1958, agreement unless defendants are restrained from instituting state court action to cancel, annul, or terminate that agreement; and that the plaintiff and other members will be deprived of their pecuniary interest in the March 11, 1958, agreement without due process of law unless the defendants are so enjoined.

In its essence plaintiff's complaint shows simply a dispute between some members of the Institute and its governing body, the executive committee, with respect to whether the corporation should donate its law library to the county, coupled with the claim of the plaintiff to a pecuniary interest in the current contract between the Institute and the County under which the books were housed in the County Court House and from which they have been removed to the new location of the courts in the Civic Center pursuant to the agreement for donation.

■ This Court has pointed out (Ream v. Handley, 7 Cir., 359 F.2d 728, 731) that there is controlling authority to the effect:

"* * * that the civil rights statutes, of which § 1983 is one, do not confer jurisdiction where a person seeks only to protect property or monetary rights. Holt v. Indiana Manufacturing Company, 176 U.S. 68, 72, 20 S.Ct. 272, 44 L.Ed. 374 (1900); Hague v. Committee for Industrial Organization, 307 U.S. 496, 531, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Abernathy v. Carpenter, W.D.Mo., 208 F.Supp. 793, 794 (1962) aff'd, 373 U.S. 241, 83 S.Ct. 1295, 10 L.Ed. 409 (1963)."

We perceive no allegation of injury to the plaintiff which is redressable in the federal right of action furnished by either § 1983 or § 1985 [1] and therefore cognizable in the District Court by virtue of 28 U.S.C.A. § 1343. Consequently, the District Court did not err in dismissing the amended complaint. It was without jurisdiction.

■ And, there is no doubt that a single district judge, where a three-judge court is requested, may consider the question of his own jurisdiction in an appropriate case, Stamler v. Willis, 7 Cir., 371 F.2d 413, 414 footnote 3; Lion Manufacturing Corporation v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833. Moreover, plaintiff does not seek to restrain "the enforcement, operation or execution of any State statute" within the meaning of 28 U.S.C.A. § 2281, and therefore denial of a three-judge court was proper on this independent ground. Ex parte Collins, 277 U.S. 565, 566–569, 48 S.Ct. 585, 72 L.Ed. 990; Pierre v. Jordan, 9 Cir., 333 F.2d 951, 956–957.

Affirmed.

---

1. 42 U.S.C.A. § 1988 furnishes no independent cause of action cognizable under § 1343. It relates to procedure and remedy.