**Runette TURNER, Plaintiff-Appellant,**

**v.**

**Ronnie THOMPSON et al., Defendants-Appellees.**

**No. 28510**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1970.

Rehearing Denied March 10, 1970.

Manley F. Brown, Macon, Ga., for plaintiff-appellant; Adams, O'Neal, Steele, Thornton, Hemingway & McKenney, Macon, Ga., of counsel.

Lawton Miller, Gerald S. Mullis, Macon, Ga., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and MORGAN and CLARK, Circuit Judges.

PER CURIAM.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804 (5th Cir. 1969), Part I, and Huth v. Southern Pacific Company, 417 F.2d 526 (5th Cir. 1969), Part I.

This action was brought against the Mayor and Aldermen of the City of Macon, Georgia to redress an alleged deprivation of civil rights. Plaintiff invoked the jurisdiction of the court below pursuant to 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983. In her complaint Plaintiff alleged that the City of Macon issued a license authorizing the retail sale of beer in her grocery store and that one week later defendants, without notice or a hearing, rescinded and revoked her license solely because of a neighborhood protest. The prayer of the complaint sought declaratory judgment and injunctive relief.

■ On answer and after a full evidentiary hearing the court below, in an incisive opinion appended hereto, found Plaintiff completely failed to show a denial of procedural due process. We agree and affirm.

We would only add that at the time of the actions complained of the City of Macon had a valid subsisting ordinance permitting reconsideration of prior council action in the manner followed here [1] and that the usual public notice of the pendency of Plaintiff's application had not been given prior to its approval. This lack of notice obviously worked against a number of interested citizens who wished to protest. In the light of the city's demonstrated willingness to give Plaintiff and all interested parties a hearing, we affirm.

The learned District Judge found the Plaintiff's contentions wholly without merit. We agree.

■ This appeal is determined to be frivolous. Appellant is assessed with single costs plus the payment of a reasonable fee to counsel for Appellee for services rendered in connection with the appeal. In the event the parties cannot agree as to the amount of such fee, it shall be determined by the court below.

Affirmed.

APPENDIX

OPINION

BOOTLE, Chief Judge.

This suit was filed by plaintiff pursuant to 28 U.S.C.A. § 1343 and 42 U.S.C.A. § 1983 and seeks to compel the Mayor and Council of the City of Macon, Georgia, to return to her a beer license alleged to have been issued to her but subsequently rescinded without notice or hearing.

After careful consideration of the pleadings and evidence, this court is compelled to find for the defendants.

At the outset this court expresses grave doubt as to the jurisdiction of suits of this type where, as here, there is no allegation as to the jurisdictional amount. While it is true that in suits properly brought under the Civil Rights Act, 28 U.S.C.A. § 1343, 42 U.S.C.A. § 1983, no jurisdictional amount is necessary, it would seem also true that in those cases the right asserted is "inherently incapable of pecuniary valuation." See Justice Stone's concurring opinion in Hague v. Committee for Industrial Organization, 307 U.S. 496, 529–532, 59 S.Ct. 954, 83 L.Ed. 1423, 1444–1445 (1939).

Property rights, on the other hand, which are capable of pecuniary evaluation should be left to federal question jurisdiction under 28 U.S.C.A. § 1331.

1. This ordinance provided:
"Sec. 2–17. Reconsideration.
"Before the minutes of any previous meeting of council are confirmed, any member may call for a reconsideration of the action of council relative to the same, and such business shall be first in order."

Holt v. Indiana Manufacturing Company, 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374 (1900).

This distinction was recognized by the Court of Appeals for the Fifth Circuit in the recent case of Bussie v. Long, 383 F.2d 766, 769 (1967), where they noted that in such cases as the now famous Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964), the facts indicated that federal question jurisdiction, including jurisdictional amount, was probably also present.

In the instant case there is neither allegation nor evidence that the jurisdictional amount is present. However, since the resolution of this question is not necessary for the disposition of this case it will be pretermitted.

The gravamen of Mrs. Turner's complaint is that she was issued a beer license on May 7, 1969, and that the same was revoked on May 13, 1969, without notice or hearing in regard to the revocation as required by the City ordinance relating to revocation and the constitutional guarantee of procedural due process.

We believe such contentions are wholly without merit.

The record shows that there was no revocation as contemplated by the City ordinance relating to revocations. The minutes of the Council meeting of May 13, 1969, make it clear that only the approval of the license was rescinded pending a full consideration of the facts by the Alcohol Control Committee at public hearing. Indeed, the plaintiff herself testified that Mr. Parker, the Chairman of the Alcohol Control Committee, notified her after May 13, 1969 that a hearing would be held on her application, but it appears that plaintiff chose not to pursue that course in favor of this action.

There is a complete failure to show that Mrs. Turner was denied procedural due process.

Accordingly, this court finds for the defendants in respect to all of plaintiff's prayers.