**FLATO REALTY INVEST-
MENTS, a Trust**

v.

**CITY OF BIG SPRING et al.**

**No. CA 1–74–49.**

United States District Court,
N. D. Texas,
Abilene Division.

Jan. 27, 1975.

William W. Wilson, Dallas, Tex., for plaintiff.

G. Ben Bancroft, James W. Gregg, City Atty., W. H. Eyssen, Jr., County Atty., Big Spring, Tex., for defendants.

## MEMORANDUM OPINION

BREWSTER, District Judge.

This matter is now before the Court on the motions of the defendants to dismiss for lack of jurisdiction.

Flato Realty Investments, a common law business trust here sues Howard County, Texas, the City of Big Spring,[1] Texas, the Big Spring Independent School District, and their respective tax assessors and collectors, challenging the validity of the ad valorem tax valuations and assessments by such defendants upon a business building owned by plaintiff in downtown Big Spring. Plaintiff bases its challenge upon the following grounds:

1. The tax valuation of its property "constitutes a systematic intentional and illegal over-valuation of Plaintiff's property, which necessarily affects (sic) an unjust discrimination against the property of which Plaintiff is an owner."

2. "[T]here exists in respect to the property owned by Plaintiff and others similarly situated a systematic, intentional and illegal under-valuation of other property by the taxing officers of the Defendants, which results in an unjust discrimination against the Plaintiff's property."

3. The tax valuations and assessments by defendants of plaintiff's property were made in violation of the provisions of the Constitution of the State of Texas, requiring that taxation shall be equal and uniform, and that all property shall be taxed in proportion to its value.

4. The taxing authorities are "discriminating against plaintiff's property" by intentionally giving it a higher tax valuation in relation to its true value than nearly identical property of the same class owned by local residents.

5. Defendants systematically give urban property in Howard County a higher tax valuation in relation to its true value than they give rural property.

6. The tax valuations of plaintiff's property are in excess of its adjusted true market value, and are invalid under the Constitution of the State of Texas.

The complaint alleges that the difference in the 1974 taxes due as between the valuations in its renditions filed with the defendants, and those put on the property by the defendants themselves, is $6,815.80.

The specific relief prayed for is that:

(a) The 1974 valuations and assessments of the defendants on plaintiff's property be "declared null and void to the extent that they are found to be unlawful and excessive."

(b) A permanent injunction be issued enjoining each of the defendants "from the future discrimination against Plaintiff in the valuation and assessment of Plaintiff's property."

The plaintiff alleges that the federal court has jurisdiction of his action based on alleged violations of the federal constitution and statutes because it arises under the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States, and 28 U.S.C. § 1343(3).[2] It claims that the Court has pendent ju-

---

1. Big Spring is the county seat of Howard County, Texas.

2. The following is quoted from 28 U.S.C. § 1343:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

\* \* \* \* \*

"(3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens

risdiction of the claims based on alleged violations of the Texas Constitution.

The defendants contend that the case should be dismissed because:

1. The action did not arise under the federal constitution.

2. Even if it did, $6,815.80 is the largest possible amount involved and is inadequate to confer jurisdiction under 28 U.S.C. § 1331(a).[3]

3. Maintenance of this suit in federal court would violate 28 U.S.C. § 1341.[4]

The Court is of the opinion that the grounds for dismissal urged by the defendants are well taken.

It is well settled that actions of this type do not "arise" under the Constitution of the United States, as the valuation and assessment of property for Texas state and state subdivision taxes, and the method of accomplishing it, have their genesis in the Constitution and statutes of Texas. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 94 S. Ct. 1002, 39 L.Ed.2d 209 (1973).

In the Gully case, a state tax collector in Mississippi imposed an assessment for state, county, city and school district taxes upon certain shares of capital stock in a national bank. The validity of the assessment was questioned on the ground that it was in violation of federal law. There was a federal statute consenting, subject to certain restrictions, that such an assessment could be made on stock in national banks; but the tax in controversy was imposed under the authority of a Mississippi statute. Federal jurisdiction was challenged on the ground that the case did not "arise" under the Constitution or laws of the United States. In upholding such challenge the Supreme Court said:

"How and when a case arises 'under the Constitution or laws of the United States' has been much considered in the books. Some tests are well established. To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . ." 299 U.S., at 112, 57 S.Ct., at 97, 81 L.Ed., at 72.

\* \* \* \* \* \*

"Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit. The tax here in controversy, if valid as a tax at all, was imposed under the authority of a statute of Mississippi. The federal law did not attempt to impose it or to confer upon the tax collector authority to sue for it. True, the tax, though assessed through the action of the state, must be consistent with the federal statute consenting, subject to restrictions, that such assessments may be made. R.S. § 5219, as amended, (12 U.S.C. § 548). It must also be consistent with the Constitution of the United States. . . . If there were no federal law permitting the taxation of shares in national banks, a suit to recover such a tax would not be one arising under the Constitution of the United States, though the bank would have the aid of the Constitution when it came to its defense. . . . That there is a federal law permitting such taxation does not change the basis of the suit, which is still the statute of the state, though the federal law is evidence to prove the statute valid." 299 U.S., at 115, 57 S.Ct., at 99, 81 L.Ed., at 73.

---

or of all persons within the jurisdiction of the United States;"

3. 28 U.S.C. § 1331(a) specifies:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

4. 28 U.S.C. § 1341 provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

\* \* \* \* \* \*

" . . . By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby. . . ." 299 U.S., at 116, 57 S.Ct., at 99, 81 L.Ed., at 74.

Even if this suit arose under the Constitution or laws of the United States, one federal jurisdictional element would be lacking. 28 U.S.C. § 1331(a), the statute under which the plaintiff asserts jurisdiction on the ground that this is a federal cause of action, limits jurisdiction to those "wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs." The amount in controversy here is the difference between the taxes assessed on the basis of defendants' valuations and those which would be due if the valuations in plaintiff's rendition were accepted. In its application of that formula to the facts of this case, plaintiff's complaint alleges:

"That the taxes truly and correctly owed are those set out in Paragraph I of this Count. And that Defendants' tax assessments are $6,815.80 in excess of the true and correct sum owed by Plaintiff to said Defendants."

The plaintiff has not paid the 1974 tax and the suit is therefore not one for recovery of it. It admits that it should be required to pay some ad valorem taxes, and the minimum total amount, fixed by its own renditions and by its complaint here, is $4,281.09. Its complaint puts in issue only the amount of the assessed taxes for 1974 which are found to be unlawful and excessive.[5] The allegations of the complaint fix the excessive amount at $6,815.80. The complaint further prays that the defendant taxing authorities and their successors be permanently enjoined from future discrimination against the plaintiff in the valuation and assessment of its property.

■ The jurisdictional amount involved in a suit for injunction is to be tested by the value of the object to be gained by the plaintiff. Glenwood Light and Water Company v. Mutual Light, Heat and Power Company, 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174 (1915). In this case, that value would be $6,815.80. Clark v. Paul Gray, Inc., 306 U.S. 583, 589, 59 S.Ct. 744, 83 L.Ed. 1001 (1939). The effect of a decree favorable to the plaintiff on future taxation would be immaterial in determining the amount in controversy. Holt v. Indiana Manufacing Co., 176 U.S. 68, 20 S.Ct. 272, 44 L. Ed. 374 (1900).[6]

■ For each of the reasons above stated, jurisdiction of this case cannot be maintained under 28 U.S.C. § 1331(a).

Another reason why this suit should not be maintained in federal court is that 28 U.S.C. § 1341, known as the "Johnson Act", provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

■■ In pursuance of this statute, the Court of Appeals for the Fifth Circuit has held that federal courts should not interfere, by injunction or by declaratory judgment, with the assessment, levy or collection of taxes for Texas and its political subdivisions, because a plain, speedy and efficient remedy may be had in the courts of such State. City of Houston v. Standard-Triump Motor

5. The following is quoted from the prayer of the complaint:

"(a) That the valuations and assessments placed upon Plaintiff's property be declared null and void to the extent that they are found to be unlawful and excessive. . . ."

6. ". . . And the effect on future taxation of a decision that the particular taxation is invalid cannot be availed of to add to the sum or value in dispute. . . ." 176 U.S., at 72, 20 S.Ct., at 273, 44 L.Ed., at 377.

Company, Inc., 5 Cir., 347 F.2d 194 (1965); City of Orange v. Levingston Shipbuilding Co., 5 Cir., 258 F.2d 240 (1958). Each one of those cases examined in detail the remedies afforded persons claiming to be aggrieved by the assessment, levy and collection of taxes under Texas law, and found them adequate to meet the standards laid down by the statute. There have been no material changes in the relevant laws of Texas since the 1965 decision in the City of Houston case, supra; so the law of Texas still affords plaintiff a plain, speedy and efficient remedy in its courts.

The plaintiff is under the impression that since he has put a civil rights label on his suit, he is entitled to maintain it in the federal court in spite of 28 U.S.C. § 1341. He seeks comfort in the recent case of Lynch v. Household Finance Corporation, 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), which holds that proprietary rights, as well as personal liberties, come within the purview of 42 U.S.C. § 1983 [7] and its jurisdictional counterpart, 28 U.S.C. § 1343(3).[8] The following quotation from the opinion in that case shows that the Supreme Court had no intention of narrowing the applicability of 28 U.S.C. § 1341:

" . . . Congress has treated judicial interference with the enforcement of state tax laws as a subject governed by unique considerations and has restricted federal jurisdiction accordingly:

" 'The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.' 28 U.S.C. 1341." 405 U.S., at 543, 92 S.Ct., at 1117.

An order will be entered in accordance herewith dismissing this case.

---

7. "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

8. The statute states in relevant part:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States . . .."