**ESTEY CORPORATION, a corporation, Plaintiff,**

v.

**Frank MATZKE et al., Defendants.**

**No. 76 C 2194.**

United States District Court, N. D. Illinois, E. D.

Aug. 6, 1976.

---

Myron M. Cherry, Peter A. Flynn, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen., Michael J. Hayes, Robert G. Epsteen, Asst. Attys. Gen., Chicago, Ill., Richard J. Riordan, Paul McCambridge, Riordan, Larson, Bruckart, McCambridge, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

### KIRKLAND, District Judge.

This cause is before the Court on defendants' motion to dismiss plaintiff's complaint.

Plaintiff seeks to redress deprivation of Constitutional rights guaranteed under the Fourteenth Amendment. Jurisdiction is invoked under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1843(3) and (4).

The complaint alleges that defendant members of the Capital Development Board, acting under color of the Capital Development Board Act, Illinois Revised Statutes ch. 127, §§ 771 *et seq.*, unlawfully awarded a contract to defendant Carroll Seating Company and so deprived plaintiff of

> a substantial right (. . . protected by the Fourteenth Amendment . . .) to be treated fairly, equally, and on the same footing as every other bidder on the [Founders' Library] project.

Defendants move to dismiss the complaint on several grounds, two of which are relevant here: (1) plaintiff's lack of standing and (2) plaintiff's failure to state a claim under 42 U.S.C. § 1983.

### DEFENDANTS' STANDING ARGUMENT

Defendants first argue that plaintiff, as an affirmatively rejected bidder on a contract, does not have standing to challenge the award of a state contract. This Court agrees.

In *Perkins v. Lukens Steel,* 310 U.S. 113, 60 S.Ct. 869, 84 L.Ed. 1108 (1940) the Supreme Court recognized that although government contract bidding procedures may benefit the public generally, those procedures do not create enforceable rights in bidders. In support of its conclusion that unsuccessful bidders have no standing to challenge allegedly improper contract awards, the Court reasoned that

> Courts should not, where Congress has not done so, subject purchasing agencies of the Government to delays necessarily incident to judicial scrutiny at the instance of potential sellers, which . . would create a new concept of judicial controversies. It is . . . essential to the even and expeditious functioning of Government that the administration of the purchasing machinery be unhampered. (310 U.S. at 130, 60 S.Ct. at 878)

The rationale of the *Perkins* case is still viable today and operates to preclude judicial challenges by unsuccessful bidders except when specific legislation allows it. For

example, Congress has enacted Section 10(a) of the Administrative Procedure Act (the "Act"), 5 U.S.C. § 702, which allows bidders on federal contracts to challenge contract awards made by federal agencies.

Plaintiff cites several cases in support of its contention that judicial review of bidding procedures is correct. However, each case was decided under Section 10(a) of the Act. Such authority is inapplicable to consideration of the award of *state* contracts. As the court noted in *Curtiss-Wright Corporation v. McLucas*, 364 F.Supp. 750 (D.N.J. 1973), the *Perkins* case has been modified by legislation which only allows review of arbitrary and capricious decisions of *federal* purchasing agencies. This Court agrees.

Accordingly, this action based on a state contract fails for plaintiff's lack of standing.

## DEFENDANTS' SECTION 1983 ARGUMENT

Defendants correctly note that plaintiff's complaint also fails to state a claim under 42 U.S.C. § 1983. Section 1983 provides that:

> Every person who, under color of any statute . . . subjects or causes to be subjected, any citizen of the United States . . . *to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws*, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (Emphasis added.)

Defendants argue plaintiff has failed to show deprivation of "rights, privileges and immunities" under the United States Constitution. Plaintiff characterizes its claim as follows:

> Estey alleges that its property rights, created by the Illinois Purchasing Act, and by the contract which arose from its acceptance of the bid specifications, have been taken away from it by defendants in violation of the 14th Amendment. Estey . . . got no hearing concerning why its bid was allegedly rejected, and, far from the fair and equal treatment which

the Constitution mandates for all persons, it has been victimized by a back-door, manifestly illegal conspiracy to afford another bidder distinctly different treatment. (Plaintiff's Memorandum in Opposition at 19–20).

■ This Court does not agree with plaintiff that a bidder on a state contract has a property interest in the contract. Such an interest does not arise until such time as the contract is actually awarded to him. Even assuming, *arguendo*, that plaintiff has been deprived of a property interest, such an interest may *not* be vindicated under 42 U.S.C. § 1983. *Ream v. Handley*, 359 F.2d 728 (7th Cir. 1966); *McManigal v. Simon*, 382 F.2d 408 (7th Cir. 1967). Therefore, plaintiff has failed to state a claim for deprivation of property rights which could be brought under 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, plaintiff's complaint for declaratory and injunctive relief is dismissed: (1) for plaintiff's lack of standing, and (2) for failure to state a claim cognizable under 42 U.S.C. § 1983. Dismissal of the complaint on these two grounds makes consideration of other arguments unnecessary.