Vivian HARRIS, etc., Plaintiff-Appellee,

v.

UNITED STATES FIDELITY & GUARANTY COMPANY, a Foreign Corp., Defendant-Appellant.

No. 77–1081

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 15, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Jeanne Heyward, William J. Flynn, Miami, Fla., for defendant-appellant.

George A. Kokus, Edward A. Perse, Miami, Fla., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH, and HILL, Circuit Judges.

PER CURIAM:

The Florida Insurance Code provides that certain automobile liability insurance policies issued in Florida must provide uninsured motorist coverage with limits equal to the insured's liability limits. The statute further provides that the insured may "reject" such coverage. West's F.S.A. § 627.-727(1). Pursuant to its statutory authority to "make reasonable rules and regulations necessary for or as an aid to the effectuation of any provision of [the Insurance Code]," West's F.S.A. § 624.308(1), the Florida Department of Insurance issued a regulation requiring that an insured's rejection of increased uninsured motorist coverage be in writing and be maintained in the insurance company's file. Bulletin No. 586. In the case on appeal, Stanley Harris, a named insured under a policy issued by the appellant insurance company, was killed when his car collided with a stolen vehicle. His personal representative, the appellee in the case on appeal, filed a complaint for declaratory relief against the appellant insurance company. The appellee alleged that the appellant's liability to the appellee is $100,-000, though the decedent's insurance policy provided for only $10,000 uninsured motorist coverage, because the decedent's insurance policy provided for $100,000 bodily injury liability coverage and the decedent never executed a written waiver of that amount of uninsured motorist coverage. The appellant insurance company admits that the appellee would be entitled to claim $100,000 coverage if the Department of Insurance regulation were valid. The appellant argues, however, that the Department of Insurance regulation is void because § 627.727(1) does not require a written rejection and, therefore, the regulation impermissibly conflicts with or modifies that statute. We affirm the district court's declaratory judgment that the regulation is valid and that the appellee is entitled to make a claim for uninsured motorist coverage in the amount of $100,000.

The appropriate standard of review for an administrative regulation is whether it is

"reasonably related to the purposes of the enabling legislation." *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1661, 36 L.Ed.2d 318 (1973); *Thorpe v. Housing Authority*, 393 U.S. 268, 280–81, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969). Florida courts have stated that § 627.727 "evolves from public policy considerations and must be broadly and liberally construed to accomplish this purpose. Conversely, that portion of the statute permitting rejection of uninsured motorist coverage detracts from the public policy considerations and must therefore be narrowly and strictly construed." *Weathers v. Mission Insurance Co.*, 258 So.2d 277, 279 (Fla.3d DCA 1972), and cases cited therein. The Department of Insurance regulation clearly aids effectuation of § 627.727(1). The regulation operates to avoid the situation presently before this court, in which the insurance company claims that the named insured, who was killed, verbally rejected increased uninsured motorist coverage. This situation can create serious problems of proof. The person entitled to the proceeds of the insurance policy, for example, may have no means by which to rebut the insurance agent's contention that the decedent waived increased coverage. Therefore, we hold this regulation to be valid, and we hold that the appellee is entitled to $100,000 limits of uninsured motorist coverage, an amount equal to the bodily injury liability coverage.

■ The appellant charges that the district court erred in entering an amended final declaratory judgment. The original declaratory judgment stated that the appellee was entitled to claim the same amount of uninsured motorist coverage as existed for the bodily injury liability coverage. The only change made in the amended declaratory judgment was to state that the court's order did not "in any way bear upon any other rights or obligations arising out of the contractual insurance relationship between the parties." It is well settled that a district court may render a declaratory judgment though that judgment will not settle all the issues of the entire controversy. The controversy settled by the declaratory judgment need only be an autonomous dispute. *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 231, 57 S.Ct. 461, 81 L.Ed. 617 (1937); E. Borchard, Declaratory Judgments 298 (2d ed. 1941); 6A Moore's Federal Practice ¶ 57.08[4], at 57–46 to 57–47 (1974). The only issue presented to the district court in the case on appeal was whether the insurance company had obtained a valid waiver from the decedent of increased uninsured motorist coverage. The amended final declaratory judgment merely makes clear that this is the only issue the district court was deciding. Therefore, the appellant's objection is meritless.

■ The appellee has petitioned this court for an award of attorneys' fees. The district court awarded the appellee an attorney's fee in its amended final declaratory judgment. Therefore, the appellee's motion is only for an award of attorneys' fees incurred on this appeal. We award the appellee a reasonable attorney's fee for her attorney's work on appeal. Because we do not have the necessary facts before us to make a determination of a reasonable fee, we remand this question to the district court for its determination. *Turner v. Thompson*, 421 F.2d 771, 772 (5th Cir.), *cert. denied*, 398 U.S. 937, 90 S.Ct. 1839, 26 L.Ed.2d 269 (1970).

AFFIRMED and REMANDED.