## In re COMPLEX BLOOD BANK LITIGATION.

### No. C–91–0007–MISC–RFP.

United States District Court, N.D. California.

April 10, 1991.

Sarah Jane Burgess, Fred G. Meis, Meis & Waite, San Francisco, CA, for plaintiffs Complex Blood Bank Litigation.

Stephen L. Shirle, Chief, Civ. Div., Asst. U.S. Atty., San Francisco, CA, for deponent Dr. Donald P. Francis (an employee of the Department of Health and Human Services).

Lisa T. Ungerer, O'Connor, Cohn, Dillon & Barr, San Francisco, CA, for defendant Irwin Memorial Blood Bank.

### ORDER

PECKHAM, District Judge.

On January 11, 1991, plaintiffs in a pending state civil action, *In re Complex Blood Bank Litigation,* No. 908843 (San Francisco Superior Court), filed a letters rogatory in this court seeking permission to depose

Dr. Donald P. Francis, an employee of the Centers for Disease Control. Plaintiffs seek to depose Dr. Francis concerning statements he made at a meeting at the CDC on January 4, 1983. The alleged statements related to the need for blood banks to use the hepatitis-B core antibody test as a surrogate marker for HIV in ensuring the safety of the banks' blood supply.

■ Dr. Francis, as an employee of the Department of Health and Human Services, may give testimony in private litigation only in accordance with regulations promulgated by the Department. *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951); *Davis Enterprises v. EPA,* 877 F.2d 1181, 1184 (3d Cir.1989), *cert. denied,* 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990) (recognizing agencies' power to promulgate regulations governing requests for testimony in private litigation). Those regulations provide that

> [n]o Department of Health and Human Services employee may provide testimony or produce documents in any proceeding to which this part applies concerning information acquired in the course of performing official duties or because of the employee's official relationship with the Department of Health and Human services unless authorized by the agency head pursuant to this part based on the determination by the agency head, after consultation with the Office of the General Counsel, that compliance with the request would promote the objectives of the Department of Health and Human Services.

45 C.F.R. Part 2, § 2.3(a). By letter dated August 14, 1990, plaintiffs' counsel requested authorization to depose Dr. Francis, a request which was denied by letter dated September 17, 1990. Plaintiffs then brought a letters rogatory from the state court seeking an order permitting the deposition.

## DISCUSSION

The Government argues that the letters rogatory should be dismissed for two rea-

sons: (1) that this court lacks subject matter jurisdiction, and (2) that this court lacks the power to review the agency refusal. We agree with the first argument, reject the second, and grant the motion to dismiss.

■ "Whenever it appears by suggestion of the Parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R.Civ.P. 12(h)(3). Plaintiffs claim jurisdiction on the ground that this suit, which seeks specific relief against a federal official acting within the scope of his or her delegated authority, is an action against the United States. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 688, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949). Plaintiffs are correct that this action is one against the government. But such an action is also subject to governmental immunity. *Id.* It is elementary that a court lacks jurisdiction over an action barred by sovereign immunity. *Id.* at 688–89, 69 S.Ct. at 1460–61.

■ A suit against the government may proceed only when the plaintiff has identified a congressional waiver of immunity. *E.g., United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). In this case, plaintiffs have failed to assert a basis for a waiver. *Boron Oil Co. v. Downie,* 873 F.2d 67 (4th Cir.1989) (rejecting, on sovereign immunity grounds, private litigant's attempt to compel testimony from employee of EPA). Instead, plaintiffs contend that the letters rogatory procedure should be permitted because it is the sole means of reaching the merits of their claim. Had plaintiff simply waited for the state court to institute contempt proceedings against Dr. Francis for his failure to testify, Dr. Francis would have removed the proceeding to this court. *Swett v. Schenk,* 792 F.2d 1447, 1450 (9th Cir.1986). This court would then have been obligated to dismiss the contempt proceeding on sovereign immunity grounds. *Id.* As a result, no court would have considered the Department's refusal to permit Dr. Francis to testify.

■ Although we sympathize with plaintiffs' position, the parties cannot waive—nor may the court ignore—a defect in subject matter jurisdiction. *Holt v. Indiana Manufacturing Co.,* 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374 (1900). Accordingly, the government's motion to dismiss is granted.[1]

IT IS SO ORDERED.

---

1. However, we wish to note that plaintiff's belief that they have no other means of obtaining Dr. Francis' testimony is in error. The Department's decision to withhold Dr. Francis' testimony is an "agency action" reviewable under § 702 of the Administrative Procedure Act. *Davis En-* *terprises,* 877 F.2d at 1186. Under the Act, the refusal would be reviewable by this court for arbitrariness, capriciousness, and abuse of discretion. *Id.* Should plaintiffs wish to pursue Dr. Francis' testimony, they should consider filing suit under the APA.