John F. MICHAELSON et al., Plaintiffs,

v.

WALTER LAEV, INC., et al., Defendants.

Civ. A. No. 70-C-249.

United States District Court,
E. D. Wisconsin.

Jan. 31, 1972.

Robert D. Repasky, Robert H. Blondis, and James R. Scott and Mark E. Wilson, Managing Atty., Milwaukee Legal Services, Milwaukee, Wis., for plaintiffs.

Ronald S. Jacobs, Milwaukee, Wis., for defendants Walter Laev, Inc. and Walter Laev Used Cards, Inc.

Robert W. Warren, Atty. Gen., by Albert O. Harriman and Robert D. Martinson, Asst. Attys. Gen., Madison, Wis., for defendant Karns.

REYNOLDS, Chief Judge.

This case is before the court on the plaintiffs' motion to request the convening of a three-judge court pursuant to Title 28 U.S.C. § 2281. The plaintiff Michaelson brought this action on his own behalf and on behalf of the class that he claims to represent, challenging the seizure, repossession, and transfer of title of his automobile without any form of judicial hearing. The defendant Laev, an automobile dealer, opposes the convening of a three-judge court, and the State of Wisconsin has declined to take a position. The motion has been briefed and argued and is ready for decision.

Federal jurisdiction is alleged under Title 28 U.S.C. §§ 1343 and 2201 and Title 15 U.S.C. § 1640. Causes of action are alleged under Title 42 U.S.C. § 1983 and Title 15 U.S.C. § 1638.

Plaintiffs request the following relief:

1. A declaration that Wis.Stats. § 409.503 (part of the Uniform Commercial Code) be declared unconstitutional and an injunction be issued forbidding the private business defendants from seizing property pursuant to it. Section 409.503 as is pertinent reads:

"* * * a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace * * *."

2. An injunction forbidding Walter Laev, Inc., and Walter Laev Used Cars, Inc. (hereinafter "Laev"), from making application, pursuant to Wis.Stats. § 342.17(2), for a new certificate for the car which they repossessed from Michaelson. Section 342.17(2) reads:

"If the interest of the owner is terminated or the vehicle is sold under a security agreement by a secured party named in the certificate of title, the transferee shall promptly mail or deliver to the division the last certificate of title, his application for a new certificate in the form the division prescribes, and an affidavit made by or on behalf of the secured party that the vehicle was repossessed and that the interest of the owner was lawfully terminated or sold pursuant to the terms of the security agreement."

3. An injunction forbidding the state officer defendant Karns from issuing a new certificate of title for the Michaelson auto to Laev pursuant to Wis.Stats. §§ 342.18(2) and (4) (a). Section 342.18(2) reads in pertinent part as follows:

"The division, upon receipt of an application for a new certificate of title by a transferee other than by vol-

untary transfer, with proof of the transfer, the required fee and any other documents required by law, shall issue a new certificate of title in the name of the transferee as owner. * * * "

4. Money damages.

The complaint alleges that on February 26, 1970, Michaelson purchased a Buick automobile from Laev and signed a purchase agreement which in part reads: "Upon default * * * the seller * * * shall have all the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws." On April 21, 1970, Laev gained unauthorized entry to the garage where Michaelson kept the Buick and seized it without prior notice or hearing. Laev later returned the car. On April 30, 1970, Laev, acting pursuant to Wis.Stats. § 409.503 and claiming default, once more seized the Buick without prior notice or hearing. Laev now intends, pursuant to Wis.Stats. § 342.17(2), to request that the Wisconsin Division of Motor Vehicles issue a new certificate of title for the Buick in accordance with Wis.Stats. §§ 342.18(2) and (4) (a).

Plaintiffs claim that Wis.Stats. § 409.503 is unconstitutional in that it allows repossession without prior hearing or notice. They further claim that Wis. Stats. §§ 342.18(2) and (4) (a) are unconstitutional in that they require James L. Karns, who is Administrator of the Division of Motor Vehicles, to issue a new certificate of title without prior notice or hearing when an auto is repossessed under § 409.503 without prior notice or hearing. In that plaintiffs concede that a private auto dealer acting pursuant to § 409.503 is not a state officer, for purposes of the question before me I need only consider the challenge to §§ 342.18(2) and (4) (a).

The issue then before me is whether plaintiffs' challenge to §§ 342.18(2) and (4) (a) is so insubstantial or frivolous as to not require a three-judge court. Defendant Laev maintains that plaintiff is attempting to improperly assert a property right via a § 1983 action, e. g., McManigal v. Simon, 382 F.2d 408 (7th Cir. 1967). Plaintiffs, however, contend that they do not challenge the right to repossession or transfer of title but rather only challenge the manner of the way it is done, a manner which they claim deny them procedural rights guaranteed them by the Constitution. The plaintiffs' argument is not insubstantial or frivolous, e. g., Escalera v. New York City Housing Authority, 425 F.2d 853 (2d Cir. 1970); Hall v. Garson, 430 F. 2d 430 (5th Cir. 1970); Osmond v. Spence, 327 F.Supp. 1349 (Del.1971); nor is the transfer of title by the state of personal property without prior notice or hearing an insubstantial or frivolous complaint. *Id.*

A more novel issue is presented by defendant Karns. While Karns has answered the complaint, he has indicated a reluctance to contest this suit and indeed failed to either submit a brief or appear at the hearing held on plaintiffs' motion for a three-judge court. If Karns had agreed on the record with plaintiffs' position and further agreed to act accordingly in his official duties, the seeming lack of necessity for an injunction would make the need for a three-judge court doubtful. However, this is not the case. Albeit hesitantly, Karns has by his answer contested the issue, and the possibility that a preliminary or permanent injunction will be required is neither insubstantial nor frivolous.

Accordingly, I will, pursuant to Title 28 U.S.C. § 2284, request that a three-judge court be convened in this matter.